### Blair, et al. v. Lefler.

(Decided October 27, 1925.)

### Appeal from Boyd Circuit Court.

1. Counties—County Court Without Jurisdiction to Reapportion Justices' Districts Unless Notice of Application Given in Accordance with Statute.—Power to reapportion justices' districts is conferred on county courts under Ky. Stats., sections 1079-1082, inclusive, but court is without jurisdiction to act unless notice of proposed application for reapportionment be given by written notices posted at courthouse door, and in three or more public places in each justice's district of county, at least 20 days before term of court at which application for appointment of commissioners is made.

2. Counties—Notice of Application for Reapportionment of Justices' Districts Held Not Posted "at Courthouse Door."—County court held not to acquire jurisdiction to order reapportionment of justices' districts in county, where notice of proposed application was posted on a telephone pole 40 feet away from the courthouse door, such posting not being "at the courthouse door" within meaning of Ky. Stats., section 1082.

B. S. WILSON and FRANK C. MALIN for appellants.

JAMES B. ADAMSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Charles C. Lefler, as citizen and taxpayer, and also as justice of the peace for the fifth magisterial district of

Boyd county, brought this suit to have the 1924 reapportionment of the justices' districts in that county declared void. From a judgment granting the relief prayed for this appeal is prosecuted.

Power to reapportion the justices' districts is conferred on the county courts, sections 1079 to 1082, inclusive, Kentucky Statutes, but the court is without jurisdiction to act unless notice of the proposed application for the reapportionment be given by written or printed notices posted at the courthouse door and in three or more public places in each justice's district of the county, at least twenty days before the term of court at which the application for the appointment of commissioners is made. Section 1082, *supra;* Wilson, County Judge v. Dean, 177 Ky. 97, 197 S. W. 547. It is admitted that the notice of the proposed application was posted on a telephone pole forty feet away from the courthouse door. It is at once apparent that this is too far away to be "at the courthouse door" within the meaning of the statute. To comply with the statute the notice must be posted on the door, or on the wall, or on a bulletin board, or a post, or some other object within a reasonable distance of the door. As the notice was not properly posted, it follows that the county court did not acquire jurisdiction. That being true, the order of reapportionment is void, and the court did not err in so holding.

Judgment affirmed.