Frank EAST, Paul Richardson, Osby Neal, Horace Denney, Deb Branscum and James Higginbotham, Appellants,

v.

Hon. Ira BELL, Judge, Appellee.

Paul RICHARDSON, Frank East, Osby Neal, Horace Denney, Deb Branscum and James Higginbotham, Appellants,

v.

Hon. Ira BELL, Judge, Appellee.

Court of Appeals of Kentucky.

Oct. 7, 1977.

Hollis E. Edmonds, Russell Springs, for appellants.

James M. Frazer, Wayne County Atty., James C. Gibson, Jr., Asst. Wayne County Atty., Monticello, for appellees.

Before HAYES, HOGGE and LESTER, JJ.

LESTER, Judge.

On March 25, 1977, Paul Richardson, Frank East, Osby Neal, Horace Denney, Deb Branscum and James Higginbotham, six justices of the peace of Wayne County, filed a petition for writ of prohibition and declaratory judgment asking the Wayne Circuit Court to prevent the county judge, Ira Bell, from enforcing an order reapportioning justices' districts. The court denied this petition finding jurisdiction for the reapportionment in the county court. This appeal presents to us the question of whether we should read KRS 25.680 in such a way

to void the reapportionment which realigned the formerly lopsided justice's districts in accordance with the "one person, one vote" principle. *Gray v. Sanders,* 372 U.S. 368, 381, 83 S.Ct. 801, 9 L.Ed.2d 821 (1963).

On February 26th, John D. Lyons and Mayor Carl Shearer filed an application with the Wayne County Court for reapportionment of the justices' districts. On this date, the county judge directed notices posted in the places required by KRS 25.680. These notices informed the public that a special term of the Wayne County Court on March 21, 1977, would conduct a hearing concerning the application for reapportionment. Eighteen days later, on March 16th, the county court appointed three commissioners and their report filed on that date recommended reduction of the magisterial districts from seven to four. On March 21st, the appellants sought a writ of prohibition which the circuit court denied. Three of the appellants then excepted to the report of the commissioners and the other three filed a notice of intent to file exceptions. The trial on exceptions occurred on March 23rd at which time the county court ordered reapportionment according to the report of the commissioners.

■ The statutes covering reapportionment of justices' districts, KRS 25.680, 25.690 and 25.700, are not entirely free of ambiguity. KRS 25.680 states that,

(n)o commissioners shall be appointed to make the reapportionment unless notice of the application for reapportionment has been given . . . at least twenty (20) days before the term of court at which the application is made.

This seems clear enough. One must post the appropriate notice of the application for reapportionment twenty days before making the application. Commissioners will only be appointed after notice has been given for twenty days. However, under KRS 25.700 "(t)he commissioners shall within twenty (20) days after their appointment

lay off the boundary line of the districts" which might suggest that the commissioners could be appointed and the notice given concurrently. We believe the first interpretation correct.

■ KRS 25.700 contains another difficulty in relation to the facts of this case. It provides that,

(a)t the next regular term of the county court commencing not later than ten (10) days after the filing of the report, any citizen of the county may file exceptions, and the court shall fix a day not later than ten (10) days after the filing of the exceptions for the trial thereof.

The commissioners filed their report on March 16th. The county court would not have a regular term until March 28th, more than ten days after the filing of the report. So, Judge Bell continued the regular February 28th term of court until March 21st. We approve of this approach. The statute says that the regular term of court must begin not later than ten days after the filing of the report when any citizen of the county can except to the report. It follows then that March 28th would be too late to have the regular term of court for the filing of the exceptions.

The circuit court did not err in denying the writ of prohibition. To declare the reapportionment void would be an unreasoning application of statutory language and unnecessarily run afoul of the Equal Protection Clause of the United States Constitution. *Blair v. Lefler,* 210 Ky. 772, 773, 276 S.W. 847 (1925) involved an interpretation of the predecessor of KRS 25.680 in which the court held that notice posted on a telephone pole forty feet from the court house door was "(t)oo far away to be 'at the court house door' within the meaning of the statute" and that therefore the county court did not acquire jurisdiction. But *Blair, supra,* does not answer whether jurisdiction in all circumstances depends on 20 rather than 18 days or one definition of "regular term of court" as opposed to another. Nor do we obtain guidance from

*Wilson v. Dean,* 177 Ky. 97, 197 S.W. 547 (1917).

A compelling basis exists to allow the reapportionment to stand. Appellants have not shown that any departure from the statute placed them at a disadvantage. They had notice and an adequate opportunity to present their objections to the commissioners' report. In contrast prohibition would dilute the votes of some of the residents of Wayne County. The circuit court found that one of the previous districts had 2,500 registered voters while another had 470. Reapportionment has achieved near equality. *Avery v. Midland County, Texas,* 390 U.S. 474, 485, 88 S.Ct. 1114, 1120, 20 L.Ed.2d 45 (1968) stands for the proposition

> that the Constitution permits no substantial variation from equal population in drawing districts for units of local government having general governmental powers over the entire geographic area served by the body.

Meaningless technicalities as before us here cannot thwart this directive. The Wayne County magisterial race comes within the ambit of *Avery, supra.* Consequently, we affirm the circuit court's denial of the writ. However, because we decide the reapportionment proper in this instance does not mean that the statute is unconstitutional or that in another case noncompliance with the statutory procedures would not void the reapportionment.

We affirm.

All concur.