**Nancy McBEATH, Appellant,**

v.

**ESTRADA OAKS APARTMENTS, Appellee.**

No. 05–02–01310–CV.

Court of Appeals of Texas, Dallas.

April 3, 2003.

Vincent Chuks Ndukwe, Law Office of MNC Vincent & Associates, Dallas, for appellant.

Kristian Michael Summers, Newman & Summers, P.C., Fort Worth, for appellee.

Before Justices JAMES, BRIDGES and MARTIN RICHTER.

## OPINION

Opinion by Justice JAMES.

Nancy McBeath appeals summary judgment granted in favor of Estrada Oaks Apartments. McBeath presents three issues, arguing: (1) the court erred in hearing Estrada Oaks' summary judgment because Estrada Oaks had failed to confer with McBeath before filing its motion; (2) the summary judgment in favor of Estrada Oaks was error because her notices comprised substantial compliance with the Texas Property Code; and (3) because the notices comprised substantial compliance, summary judgment should have been granted in her favor. Because our conclusion on McBeath's first and third issues is determinative of this case, it is not necessary to address her remaining issue. *See* Tex.R.App. P. 47.1. We reverse the trial court's judgment.

## Background

McBeath, a tenant at Estrada Oaks Apartments, requested disclosure of ownership and management from Estrada Oaks Apartments. McBeath's first letter to Estrada Oaks requested the name and address of the apartment owner; she sent that request on December 17, 2001. She then sent Estrada Oaks letters on January 19, 2002 and January 25, 2002, again requesting the name and address of the owner of her rental unit. McBeath stated in the letters that if she did not receive the information within seven days, she "may take legal action." Estrada Oaks respond-

ed to McBeath on January 23, 2002, but provided only an address for its corporate office.

Because she did not receive the requested information within seven days of her request, specifically the name and address of the owner of her apartment and the name of the headquarters of the management company, McBeath initiated legal action by way of an original petition filed February 15, 2002.[1] She requested reme-dies as listed in the property code. *See* TEX. PROP.CODE ANN. § 92.205 (Vernon Supp.2003).[2] In its April 5, 2002 answer, Estrada Oaks argued McBeath had not performed all of the conditions precedent to a right of recovery under the property code. *See id.* § 92.202(a)(2) (Vernon Supp. 2003).[3] Using that same argument, Estrada Oaks moved for summary judgment. McBeath responded and also moved for summary judgment, arguing she was enti-

---

1. Estrada Oaks does not assert they provided the requested information to McBeath at any time before she filed her February 15, 2002 petition.

2. Section 92.205 provides the following potential remedies to a tenant when a landlord fails to disclose requested ownership and management information:

   (a) A tenant of a landlord who is liable under Section 92.202, 92.203, or 92.204 may obtain or exercise one or more of the following remedies:

   (1) a court order directing the landlord to make a disclosure required by this subchapter;

   (2) a judgment against the landlord for an amount equal to the tenant's actual costs in discovering the information required to be disclosed by this subchapter;

   (3) a judgment against the landlord for one month's rent plus $100;

   (4) a judgment against the landlord for court costs and attorney's fees; and

   (5) unilateral termination of the lease without a court proceeding.

   TEX. PROP.CODE ANN. § 92.205(a).

3. Under subchapter E of the property code,

   (a) A landlord shall disclose to a tenant, or to any government official or employee acting in an official capacity, according to this subchapter:

   (1) the name and either a street or post office box address of the holder of record title, according to the deed records in the county clerk's office, of the dwelling rented by the tenant or inquired about by the government official or employee acting in an official capacity; and

   (2) if an entity located off-site from the dwelling is primarily responsible for managing the dwelling, the name and street address of the management company.

   (b) Disclosure to a tenant under Subsection (a) must be made by:

   (1) giving the information in writing to the tenant on or before the seventh day after the day the landlord receives the tenant's request for the information;

   (2) continuously posting the information in a conspicuous place in the dwelling or the office of the on-site manager or on the outside of the entry door to the office of the on-site manager on or before the seventh day after the date the landlord receives the tenant's request for the information; or

   (3) including the information in a copy of the tenant's lease or in written rules given to the tenant before the tenant requests the information.

   TEX. PROP.CODE ANN. § 92.201 (Vernon Supp. 2003).

   Section 92.202 addresses liability for failure to disclose the information:

   (a) A landlord is liable to a tenant or a governmental body according to this subchapter if:

   (1) after the tenant or government official or employee makes a request for information under Section 92.201, the landlord does not provide the information; and

   (2) the landlord does not give the information to the tenant or government official or employee before the eighth day after the date the tenant, official, or employee gives the landlord written notice that the tenant, official, or employee may exercise remedies under this subchapter if the landlord does not comply with the request by the tenant, official, or employee for the information within seven days.

   TEX. PROP.CODE ANN. § 92.202(a).

tled to judgment as a matter of law by virtue of her summary judgment evidence attached—copies of her three letters. Estrada Oaks responded to McBeath's motion contending the sole dispute was whether the three notices sent by McBeath to Estrada Oaks satisfied the statutory requirements of the property code. After hearing and overruling McBeath's objection to Estrada Oaks' summary judgment motion, the court entered final summary judgment on July 25, 2002 in favor of Estrada Oaks.

### Granting of Summary Judgment

In her third issue, McBeath argues the court erred in granting summary judgment in Estrada Oaks' favor because the three notices she sent to Estrada Oaks substantially complied with the relevant sections of the Texas Property Code. Based on the same reasoning, she also argues, in her first issue, the court should have granted her motion for summary judgment. We agree.

This Court reviews a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *See Capitan Enters., Inc. v. Jackson,* 903 S.W.2d 772, 775 (Tex.App.-El Paso 1994, writ denied). When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *Guynes v. Galveston County,* 861 S.W.2d 861, 862 (Tex.1993).

■ When a tenant requests a disclosure of ownership and management under the property code, a landlord is liable for failing to disclose the information if the tenant makes a request and gives written notice the tenant "may exercise his remedies under [the] subchapter" if the landlord fails to comply within seven days.

Tex. Prop.Code Ann. § 92.202(a)(2). Estrada Oaks argues on appeal McBeath was required to direct the landlord to the specific statutory provisions under which she could bring a cause of action and the specific provision requiring it to provide the information. Estrada Oaks argues the specific language was necessary to put it on notice of the specific penalties under the property code. However, Estrada Oaks does not direct us to any case law stating or supporting its position, and we find none.[4]

■ McBeath sent Estrada Oaks letters on January 19, 2002 and January 25, 2002, and in both letters she requested the name and address of the owner of her rental unit. Also in these letters, McBeath stated that if she did not receive the information within seven days, she "may take legal action." Because her letter notified Estrada Oaks the consequence of its failure to respond would be "legal action," we conclude McBeath substantially complied with section 92.202(a)(2). Because McBeath's letters serve as substantial compliance for conditions precedent to recovery under section 92.202(a)(2), we further conclude McBeath established, as a matter of law, she was entitled to summary judgment. Accordingly, we resolve McBeath's first and third issues in her favor.

We reverse the judgment entered by the trial court. We grant summary judgment in favor of McBeath. We remand this cause to the trial court to determine remedies under section 92.205 of the Texas Property Code.

---

4. The cases to which Estrada Oaks cites merely state notice is required under the Smoke Detector Statute. The cases, however, do not define what suffices as "notice."