Sharon **HARTLEY** et al., Appellants,

v.

**The STATE of Texas, Appellee.**

**No. 36945.**

Court of Criminal Appeals of Texas.

June 27, 1964.

Rehearing Denied Oct. 21, 1964.

C. C. Divine, Houston, for appellant.

Frank Briscoe, Dist. Atty., Houston, Carl E. F. Dally, Allen L. Stilley and David Ball, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

This is an appeal by C. C. Divine and H. G. Divine from a judgment entered in the County Criminal Court at Law No. 1 of Harris County forfeiting a bail bond.

The bond dated June 14, 1962, is conditioned that the principal, Sharon Hartley, made her appearance before the Justice Court, Precinct No. 1., Harris County, Texas. It recites that the principal stands charged with, "misdemeanor theft (shoplifting), misdemeanor" and contains the usual provision that the principal " * * * there to remain in attendance from day to day and from term to term until discharged by due order of the court to answer the aforesaid accusation against *him,* and shall personally appear for any and all subsequent proceedings had relative to the above charges before the grand jury of said county and before any court of said county in which said subsequent proceedings may be pending * * *".

The Justice Court complaint contained in the record reflects the charge against appellant to be "misdemeanor theft, shoplifting". The form of the complaint is that of theft of a radio of the value of $38.96.

The complaint and information subsequently filed in the County Criminal Court at Law No. 1. on the 18th day of June, 1962, charged the defendant with the offense of shoplifting. Judgment nisi was entered in the County Court on November 23, 1962, it having been shown that the principal failed to make her appearance in the courtroom at the time the case was set for trial on that date. Said judgment was made final after notice and hearing on January 27, 1964.

In appellant's brief it is contended that the Justice of the Peace was without juris-diction to require the appearance of appellant in his or any other court and that the County Criminal Court at Law No. 1. was without jurisdiction to forfeit said bond since the proceeding in the County Court and that in the Justice Court were not the same proceeding.

We are not constrained to agree with appellant's contentions.

The bond in the instant case states that the principal stands charged with "misdemeanor theft (shoplifting), misdemeanor." The complaint and information in the County Court charges the principal with the offense of shoplifting. Further, surety on the bond, who also appeared in the capacity of representing the principal, stated under oath at the trial, wherein final judgment was entered, that the offense charged against the appellant in the Justice Court and subsequently charged on the complaint and information in the County Criminal Court at Law were identical.

 Thus we conclude that the proceeding in the County Court was a subsequent proceeding relative to the charge in the Justice Court. Further, the County Court had jurisdiction of the offense of shoplifting misdemeanor theft under Art. 56, Vernon's Ann.C.C.P. and jurisdiction to enter forfeiture and final judgment on the appearance bond.

 Appellant's next contention, that there was no binding undertaking in law between the parties to require the sureties to produce the principal before a County Criminal Court at Law, is also without merit.

Article 275a, Sec. 1, V.A.C.C.P., provides: "Where a defendant in the course of a criminal action, gives a bail bond or enters into a recognizance before any court or person authorized by law to take same, for his personal appearance before a court or magistrate, to answer a charge against him, the said bond or recognizance shall be valid and binding upon the defendant and his sureties thereon, for the defendant's

personal appearance before the court or magistrate designated therein, and for any *and all subsequent proceedings had relative to the charge,* and each such bail bond or recognizance shall be so conditioned except as hereinafter provided."

 Appellant's final proposition, that dismissal of the criminal action against the principal subsequent to the entering of final judgment on the bond forfeiting exonerates the sureties, cannot be sustained. Article 436, C.C.P. is specific in the causes that will exonerate the defendant and his sureties from liability, and the statute does not list such cause. No other causes than those specified in the article will exonerate from liability. Thompson v. State, 31 Tex. 166; Martin v. State, 16 Tex.App. 265.

Finding no reversible error, the judgment is affirmed.