Thomas H. BENNETT et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 38459.

Court of Criminal Appeals of Texas.

Oct. 27, 1965.

Shannon L. Morris, Baytown, for appellants.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Ruben W. Hope, Jr., and Allen D. McAshan, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

This is an appeal by Thomas H. Bennett, principal on an appearance bond, and his sureties, John M. Shearer and E. E. Wainscott, from a final judgment of County Criminal Court at Law No. 4 of Harris County, forfeiting said bond.

The bond, dated January 26, 1964, in the penal sum of $500, was entered into in Justice Court, Precinct No. 3, of Harris County.

The bond recites that the principal, Bennett, had been arrested, on a misdemeanor charge of driving while intoxicated, by virtue of a warrant issued by M. M. Brown, Justice of the Peace of Precinct No. 3 of Harris County, Texas, and was conditioned that the defendant would make his appearance before the justice court instanter, "there to remain in attendance from day to day and term to term, until discharged by due order of the Court, to answer the aforesaid accusation against him and shall personally appear for any and all subsequent proceedings had relative to the above charge before the Grand Jury of said County and before any Court of said County in which said subsequent proceedings may be pending and not depart the Court without leave, of the proper Court, and then in that case the bond will be null and void, otherwise to remain in full force and effect."

On February 5, 1964, an information and complaint were filed in County Criminal Court at Law No. 4, in Cause No. 187,814, charging the defendant Bennett with the offense of driving while intoxicated, alleged to have been committed on or about the 24th day of January, 1964.

Judgment nisi was entered in the County Criminal Court No. 4 on August 25, 1964, forfeiting the bond upon failure of the principal Bennett to appear and answer when the case was called for trial.

Scire facias was duly issued and served upon the appellant sureties, who, on October 5, 1964, filed their answer thereto.

On February 26, 1965, a non-contested judgment was entered against appellants in the case, which was set aside by the court on March 8, 1965, in an order granting appellants a new trial.

On April 2, 1965, a new trial was held and at the conclusion thereof the court entered judgment against appellants for the full amount of the bond.

From such judgment, appellants prosecute this appeal.

At the trial, the state introduced in evidence, among other instruments, the appearance bond, judgment nisi, and scire facias.

Three objections were made by appellants to the admission in evidence of the appearance bond.

The first objection was, in substance, that there was a fatal variance between the bond and the scire facias because the bond was conditioned that the defendant Bennett appear instanter before the justice of the peace of Precinct No. 3 of Harris County at a special term to be held in and for Harris County at the courthouse in Baytown, whereas the scire facias recited that the bond was conditioned that the defendant would make his personal appearance before the Criminal Court at Law No. 4 of Harris County, instanter, at the term of said court then in session at the courthouse in the city of Houston.

The question of whether there was a fatal variance must be determined in light of the provisions of Art. 275a, Vernon's Ann.C.C.P., enacted by the 55th Legislature in 1957.

Art. 275a, supra, reads, in part:

"Section 1. Where a defendant, in the course of a criminal action, gives a bail bond or enters into a recognizance before any court or person authorized by law to take same, for his personal appearance before a court or magistrate, to answer a charge against him, the said bond or recognizance shall be valid and binding upon the defendant and his sureties thereon, for the defendant's personal appearance before the court or magistrate designated therein, and for any and all subsequent proceedings had relative to the charge, and each such bail bond or recognizance shall be so conditioned except as hereinafter provided."

In Picaroni v. State, Tex.Civ.App., 364 S.W.2d 240, cited and relied upon by appellants, this court did not pass upon the question of whether the above statutory provisions may be read into a bail bond, because in that case there was no showing that the indictment returned against the accused in district court was for the same offense charged against him in the justice court for which he had made bond.

Later, in Hartley, et al., v. State, Tex. Cr.App., 382 S.W.2d 483, this court gave application to the provisions of Art. 275a, supra, in holding that an appearance bond executed in a justice court requiring that the principal appear in said court to answer the charge and to also appear for any and all subsequent proceedings had relative thereto in any court, was sufficient to command his appearance before a county court at law to answer a charge subsequently presented against him by a complaint and information charging the identical offense.

■ The proof in the present case shows that the offense charged against the defendant Bennett in both the justice court and the county court was that of driving while intoxicated. The same county court number (187,814) and justice court number (51,391) appear on both the appearance bond, executed by appellants in the justice court, and the information filed against the defendant in the county court. This is sufficient to show the offense charged against the defendant in the county court was the same as that charged in the justice court.

Under the record and the provisions of Art. 275a, supra, the condition in the bond executed by appellants in the justice court was sufficient to command the defendant's appearance in the subsequent proceedings in the county criminal court, and no fatal variance exists.

■ Appellants' second objection to admitting the bond in evidence was on the ground that it appeared to have been approved, by the judge's signature being placed thereon by a rubber stamp.

This would not vitiate the bond, as the approval of a justice of the peace is not necessary to the validity of a bond taken by him. In 8 Tex.Jur.2d 173, Sec. 47, it is stated that approval may be inferred from his return of the bond to the court to which it is directed. Dyches v. State, 24 Tex. 266.

■ Appellants' third objection to the bond was on the ground that "the proper predicate has not been laid."

Such objection was too general to merit consideration. See: 56 Tex.Jur.2d 516, Sec. 171, and cases there cited.

■ Complaint is made to the introduction in evidence of the judgment nisi over appellants' objection that it was predicated upon a void bond, under the provisions of Art. 275a, supra.

At the trial, counsel for appellants testified that before the defendant Bennett was released on bail he was required by a clerk of the justice court to execute two bonds. He stated that the first bond was executed and approved for the amount of $400. Prior to releasing the defendant, a new bond in the amount of $500 was required and the bond in question ($500) was executed and approved. It is appellants' contention that the clerk had no authority to require the second bond in view of Secs. 2 and 3 of Art. 275a, supra, which provide, in substance, that once a bail bond is given by a defendant he shall not be required to give another bond except when the judge or magistrate in whose court the action is pending shall find the bond insufficient and require another bond in an amount which he may deem proper.

Justice of the Peace Brown, in whose court the bond was executed, testified that he knew of no bond except the one sought to be forfeited. He further testified that in his court he had set up a schedule which provided for a bond of $400 for one charged with the misdemeanor offense of drunken driving and $500 where the person was charged with or suspected of having committed the felony offense of drunken driving. He further stated that such schedule was followed by his clerks and on occasions the amounts would be changed but only one bond accepted. Under the record, the contention is overruled.

■ The contention is also urged that the court erred in admitting the judgment nisi in evidence because it did not bear the signature of the trial judge.

While appellants made no such objection to the judgment when offered, we observe that although the judge's signature did not appear on the judgment introduced in evidence from the minutes of the court, his signature was not necessary to the validity of the judgment. McGowen v. State, 163 Tex.Cr.R. 587, 290 S.W.2d 521.

■ We overrule appellants' contention that the court erred in rendering final judgment of forfeiture against them because the record shows that the defendant's name was not called at the courthouse door, as required by Art. 425, V.A.C.C.P. The judgment nisi recites that the defendant's name was distinctly called at the door of the courthouse and that he did not appear. While there is testimony in the record that the trial judge directed the bailiff to go outside in the hallway of the courtroom on the fourth floor of the courthouse and call the defendant's name, there is no showing that the bailiff did not go to the main door of the courthouse on the first floor and call his name. Be that as it may, under the recent decision of this court in Deem, et al., v. State, 170 Tex.Cr.R. 564, 342 S.W.2d 758, the record shows a substantial compliance with the requirement of Art. 425, supra, that the name of the principal be called, distinctly, at the courthouse door.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.