

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

**JOHN L. HILL**
**ATTORNEY GENERAL**

January 23, 1973

Honorable F. T. Graham
Criminal District Attorney
Cameron County Courthouse
Brownsville, Texas   78520

Opinion No. H-2

Re: Questions relating to signature and entry of a judgment nisi by a District Court at a term subsequent to rendition and docketing of the judgment.

Dear Mr. Graham:

Your letter of November 21, 1972 requesting our opinion concerning the entry of a judgment nisi asks two basic questions:

(1)  Can a judgment nisi be signed at a term subsequent to that in which it was rendered and docketed?

(2)  If it can be signed at a subsequent term, what is the effect of a statute of limitation or of laches?

Judgments nisi are controlled by Title 22 of the Texas Code of Criminal Procedure. The judgment nisi itself is but the first step in the forfeiture of a bail bond and securing of judgment against the defendant and his sureties for the amount of bail. As such it is an interlocutory judgment and is conditional. <u>Jackson v. State</u>, 422 S.W. 2d 448(Tex.Crim. 1968)

Generally, in civil matters, where all issues have been adjudicated or agreed upon, announcement by the court of its decision is the "rendition" of judgment and the written judgment is but evidence of the judgment previously rendered. <u>Leatherwood v. Holland</u> 375 S.W.2d 517,(Tex.Civ. App., Ft.Worth,1964, err.ref. n.r.e.); <u>Baugh v. State</u>, 402 S.W.2d 768,(Tex.Crim.1966). This is held to be true even though the judge, at the time he signs the written order, no longer is a judge. <u>Texas Life Ins. Co. v. Texas</u>

Building Co., 307 S.W.2d 149,(Tex.Civ.App.Ft.Worth,1957). The court in this latter case analogized the written judgment to a bill of exception.

This rule has been applied to a judgment nisi in Bennett v. State, 394 S.W.2d 804(Tex.Crim.1965), where, in the subsequent suit against the sureties, the sureties objected to admission of the judgment nisi because it had not been signed by the trial judge. The court said:

> ". . ./W/e observe that although the judge's signature did not appear on the judgment introduced in evidence from the minutes of the court, his signature was not necessary to the validity of the judgment. . . ."(394 S.W.2d at 807)

Article 22.04 of Vernon's Code of Criminal Procedure does require that a copy of the judgment of forfeiture be attached to the citation served upon the sureties. To that extent, then, we conclude that a written judgment must be entered. Under the decision in the Bennett case it is our opinion that whether or not the judgment is signed is relatively unimportant if, in fact, it was "rendered" by the court.

Article 22.10 provides that, when a forfeiture has been declared and the case has been docketed upon the civil docket, "the proceedings had therein shall be governed by the same rules governing other civil suits."

In civil suits, where through clerical error no written judgment has been entered or the written judgment entered does not correctly reflect the judgment rendered, a judgment nunc pro tunc may be entered so that the written judgment correctly reflects the judgment rendered. Such judgment nunc pro tunc may be entered after the term at which it was rendered has ended. Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56(Tex.1970); Texas Rubber Supply Inc. V. Jetslide International Inc.,466 S.W.2d 279(Tex.1971)

We therefore answer your first question that a written judgment nisi may be signed by the district court at a term subsequent to that in which it was rendered and docketed.

With reference to your second question we call your attention to Article 5517 Vernon's Texas Civil Statutes, which provides that the rights of the State shall not be barred by any provision of Title 91, "Limitations". Hemphill County v. Adams, 408 S.W.2d 926 (Tex., 1966); see also 37 Tex.Jur.2d Limitation of Actions, Section 27, p.120 to 122.

Nor is laches available in a suit against the State. Dallas Levee Improvement District v. Carroll, 263 S.W.2d 307 (Tex.Civ.App. Dallas 1953, error ref. n.r.e.)

Therefore, as to the second question we answer that it is our opinion that the action against the sureties would not be barred by either limitation or laches even though the judgment nisi might be signed at a term subsequent to that at which it was rendered.

- S U M M A R Y -

A judgment nisi may be signed at a term after that in which it was rendered.  Since neither limitation nor laches applies to a suit brought by the State, a delay occasioned by reduction of the judgment nisi to writing or its signing at a term subsequent to that in which it was rendered, will not bar an action under Article 22.03 et seq. of the Code of Criminal Procedure.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

JOHN M. BARRON
First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee