Jair Pasquel ASPILLA, Principal, and Rosalinda V. Reyes d/b/a Rosita's Bail Bonds; Maria Hernandez, Principal, and Rogers McLean, Jr., Surety, d/b/a A–Better Bail Bonds; Colette Danette McElroy, Principal, and Rogers McLean, Jr., Surety, d/b/a A–Better Bail Bonds; Cedrick Neal Woodard, Principal, and Rogers McLean, Jr., Surety, d/b/a A–Better Bail Bonds; Manuel Eleazar Ortiz, Principal, and Rosalinda V. Reyes, Surety, d/b/a Rosita's Bail Bonds; Pedro Montante Garcia, Principal, and Rosalinda V. Reyes d/b/a Rosita's Bail Bonds, Surety; Siro Vega, Principal, and Alfonso V. Quintero d/b/a Quintero Bonding Company, Surety; Joel Solorzana Mora, Principal, and Rosalinda V. Reyes d/b/a Rosita's Bail Bonds; Joel Ibarra Hernandez, Principal, and Angela Ann Cantu d/b/a Around the Bend Bail Bonds, Surety, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 14–96–00175–CR to 14–96–00178–CR, 14–96–00190–CR, 14–96–00331–CR to 14–96–00334–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 28, 1997.

Richard A. Dawson, Richmond, for appellant.

Kathryn Holton Geary, Richmond, for appellee.

Before YATES, HUDSON, and FOWLER, JJ.

## OPINION

FOWLER, Justice.

When a defendant has posted bond and fails to appear at the appointed time for hearing, article 22.02 of the Texas Code of Criminal Procedure requires that, before the bond can be forfeited, his name "be called distinctly at the courthouse door." If the courtroom where the defendant's hearing is scheduled is on the third floor of a courthouse annex, has the State complied with article 22.02 if the defendant's name is called outside the door of the particular court where defendant's hearing is scheduled? This is the issue before us today.

In this bond forfeiture case, appellants, Rosalinda V. Reyes d/b/a Rosita's Bail Bonds; Roger McLean, Jr. d/b/a A–Better Bail Bond Service; Alfonso V. Quintero d/b/a Quintero Bonding Company; and Angela Ann Cantu d/b/a Around the Bend Bail Bonds appeal nine final judgments entered on October 31, 1995, in County Court at Law No. 1, Fort Bend County.[1] Appellants complain in one point of error that the trial court erred in rendering judgment because the bailiff called the defendant's names outside the courtroom door instead of outside the courthouse door. We affirm the trial court's decision to forfeit the bonds because we conclude that the bailiff followed the requirements of article 22.02 of the Texas Code of Criminal Procedure by calling the names at the courtroom door.

## FACTURAL BACKGROUND

At various dates and times in 1993, the nine principal defendants were scheduled for hearings before County Court at Law No. 1 in Fort Bend County. The court is on the third floor of the "Travis Annex" of the Fort Bend County Courthouse. The bailiff of the

1. On February 22, 1996, this Court granted appellants' motion to transfer and consolidate these nine cases for purposes of appeal. The cases consolidated are (1) cause no. 11,948, Jair Pasquel Aspilla, Principal, and Rosalinda V. Reyes d/b/a Rosita's Bail Bonds, Surety, in the amount of judgment $750.00; (2) cause no. 12,065, Joe Solorzana Mora, Principal, and Rosalinda V. Reyes d/b/a Rosita's Bail Bonds, Surety, in the amount of $500.00; (3) Collette Dannette McElroy, Principal, and Rogers McLean, Jr. d/b/a A–Better Bail Bonds Service, Surety, in the amount of $4,500.00; (4) Siro Vega, Principal, and Alfonso V. Quintero d/b/a Quintero Bonding Company, Surety, in the amount of $750.00; (5) Maria Hernandez, Principal, and Rogers McLean, Jr. d/b/a A–Better Bail Bond Service, Surety, in the amount of $500.00; (6) Pedro Montante Garcia, Principal, and Rosalinda V. Reyes d/b/a Rosita's Bail Bonds, Surety, in the amount of $750.00; (7) Joel Ibarra Hernandez, Principal and Angela Ann Cantu d/b/a Around the Bend Bail Bonds, Surety, in the amount of $1,000.00; (8) Cedrick Neal Woodard, Principal, and Rogers McLean, Jr. d/b/a A–Better Bond Service, Surety, in the amount of $1,000.00; and (9) Manuel Eleazar Ortiz, Principal, and Rosalinda V. Reyes d/b/a Rosita's Bail Bonds, Surety, in the amount of $500.00.

court, who had worked for three years as the court's bailiff in that location, called out the names of the principal defendants, as he always did, at the door of the courtroom on the third floor. When the defendants failed to appear for their hearings, the trial court ordered the surety bonds forfeited and issued a capias for each of the defendants to reappear and show cause why judgments nisi should not be made final.[2] The court also notified the sureties at this time to show cause why the judgments nisi should not be made final.

On October 26, 1995, the trial court received the following evidence in each of the cases. The bailiff testified that the court was on the third floor of an annex building to the County Courthouse. Depending on the day, the hearings started at either 8:30 or 9:00 a.m. The district attorney would call the cases on the court's docket. If the defendant did not appear, the bailiff would wait until near the end of the hearings, several hours later, to go to the hallway outside the courtroom door and call each defendant's names three times. The bailiff never went to one of the three doors on the ground floor to call a defendant's name. He also explained that although the building is an annex to the county courthouse, it contains "numerous other facilities in it besides courtrooms." At the close of each of the hearings, the trial court entered a final judgment against the sureties.

## POINT OF ERROR

In appellants' sole point of error, they argue that the judgment is contrary to the greater weight and preponderance of the evidence. Specifically, they argue that Article 22.02 of the Texas Code of Criminal Procedure requires that the name of the defendant "shall be called distinctly at the courthouse door" and because the appellants' names were called at the courtroom doors and not the courthouse doors the State has failed to prove substantial compliance with Article 22.02.

Article 22.02 of the Code of Criminal Procedure provides the manner in which a bond forfeiture may be taken. TEX.CODE CRIM. PROC. ANN. art. 22.02 (Vernon 1989). Article 22.02 directs that the defendant's name be called distinctly at the courthouse door; the defendant be given a reasonable time after the call in which to appear; and upon his failure to do so, "judgment shall be entered" for the State on the bond forfeiture. *Burns v. State,* 881 S.W.2d 132, 135 (Tex.App.— Houston [1st Dist.] 1994, no pet.).

In *Alvarez v. State,* 861 S.W.2d 878, 880–81 (Tex.Crim.App.1992), the Court of Criminal Appeals held:

> The essential elements of the State's cause of action in a bond forfeiture proceeding are the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi.

*Harris v. State,* 891 S.W.2d 730, 731 (Tex. App.—San Antonio] 1994, no pet.) (quoting *Tocher v. State,* 517 S.W.2d 299 (Tex.Crim. App.1975)).

> A judgment nisi is prima facie proof that the statutory requirements have been satisfied and the burden is on the defendant to affirmatively show otherwise. Once a prima facie case has been established, the defendant must then prove that one of the statutory requirements of the judgment nisi has not been satisfied.

*Id.*

In this case, appellants claim they proved at the hearing following the judgment nisi that the defendant's names were *not* called at the courthouse door, and therefore, the elements of article 22.02 were not met. Appellants rely on *Caldwell v. State,* 136 Tex.Crim. 524, 126 S.W.2d 654 (1939), which defined "courthouse door." There the Court held that "courthouse" door meant the exterior door of the courthouse. *Id.,* 126 S.W.2d at 655. However, more recently the Court of Criminal Appeals has held that only substantial compliance with article 22.02 is required. *Tocher,* 517 S.W.2d at 300; *Bennett v. State,* 394 S.W.2d 804, 807 (Tex.Crim.App.1965). This Court has followed suit, holding that

---

**2.** A judgment nisi is a judicial declaration of the forfeiture of the bond. *Perales v. Kinney,* 891 S.W.2d 731 (Tex.App.—Houston [1st Dist.] 1994, no pet.); *see also* TEX.CODE CRIM. PRO. arts. 22.01, 22.02.

when the State puts on evidence of substantial compliance with Article 22.02 by showing that the defendant's name was called in the hallway outside the courtroom door, proof that the principal's name was not called at the courthouse door does not defeat the State's showing of substantial compliance. *Burns v. State,* 814 S.W.2d 768, 772 (Tex. App.—Houston [14th Dist.] 1991), *rev'd sub nom. on other grounds, Alvarez v. State,* 861 S.W.2d 878 (Tex.Crim.App.1992).

We conclude the State has established substantial compliance with Article 22.02 and therefore, the trial court did not err in rendering judgments against appellants. *But see Alvarez,* 861 S.W.2d at 884–85 (Overstreet, J., dissenting) (arguing that until the Legislature changes Article 22.02, the statute requires that the principal's name be called at the courthouse door). Therefore, the evidence is not against the great weight and preponderance of the evidence and we overrule appellants' first point of error.

The judgment of the trial court is affirmed.