

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-146-CV

PHIL GUILES                                                    APPELLANT

V.

THE STATE OF TEXAS                                            APPELLEE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Phil Guiles appeals the summary judgment granted in favor of Appellee The State of Texas in the underlying bond forfeiture case. In two issues, Guiles argues that the trial court abused its discretion by denying his motion for continuance and erred by granting summary judgment for the State. We will affirm.

### II. PROCEDURAL BACKGROUND

---

[1] *See* Tex. R. App. P. 47.4.

In February 2008, Guiles became the surety on a $25,000 appearance bond for principal Alfredo Alvarez, who had been indicted for aggravated assault of a family member. The following month, Guiles filed an affidavit to surrender principal because Alvarez refused to report to the office as requested, violated conditions of the bond, and was unable to be located.

At a hearing in April, Alvarez failed to appear, and the trial court thereafter signed a judgment nisi for the full amount of the bond. Citation was properly served on Guiles, notifying him that the bond had been forfeited. Guiles filed an answer and an amended answer, ultimately asserting the affirmative defense of estoppel; Guiles claimed that Alvarez had fled to Mexico and that Guiles was prevented from returning Alvarez to Tarrant County because the State would not issue the requisite "extradition warrant."

In due course, the State sought a summary judgment, arguing that it had conclusively established the elements necessary for a bond forfeiture proceeding and that Guiles had not raised a statutory defense to the bond forfeiture proceeding. As part of the State's summary judgment evidence, it attached certified copies of Alvarez's appearance bond and the judgment nisi.

In response to the State's motion for summary judgment, Guiles sought a continuance and subsequently filed a response to the State's motion for summary judgment. The trial court thereafter denied Guiles's motion for continuance and granted summary judgment for the State. This appeal followed.

2

### III. NO ABUSE OF DISCRETION OCCURRED BY DENYING GUILES'S MOTION FOR CONTINUANCE

In his first issue, Guiles argues that the trial court abused its discretion by denying his motion for continuance because the case had been pending for less than twelve months and because discovery was allegedly not complete. Guiles's motion for continuance alleges that he had propounded discovery upon the State but does not indicate on what date such discovery was served; Guiles sought a continuance of at least 120 days to obtain the State's discovery answers and to depose a representative of the district attorney's office. Guiles's attorney's affidavit, attached to the motion for continuance, alleges that he intended to depose a representative of the district attorney's office relating to Guiles's pleaded defense of collateral estoppel.

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). We do not substitute our judgment for that of the trial court. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding). Instead, we must determine whether the trial court's action was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). The test is whether the trial court acted without reference to guiding rules or principles. *Cire v. Cummings,* 134 S.W.3d 835, 838–39 (Tex. 2004). Generally, a trial court does not abuse its discretion by denying a

3

motion for continuance if a party has received the twenty-one days' notice required by rule 166a(c).  *Carter v. MacFadyen*, 93 S.W.3d 307, 310 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

The only causes that will exonerate a surety from his liability upon the forfeiture taken on a bond are set forth in article 22.13 of the code of criminal procedure.  *See* Tex. Code Crim. Proc. Ann. art. 22.13 (Vernon 2009); *Spradlin v. State*, 100 S.W.3d 372, 379 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Equitable defenses and general civil affirmative defenses do not apply to excuse a surety from his liability in a bond forfeiture proceeding.  *See Kubosh v. State*, 177 S.W.3d 156, 160–61 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (holding only that defenses listed in rule 94 of the rules of civil procedure do not apply to bond forfeiture proceeding); *Gonzales Bail Bonds v. State*, 147 S.W.3d 557, 559 (Tex. App.—Waco 2004, no pet.) (stating that principles of civil substantive law, like estoppel, do not apply in a bond forfeiture proceeding).

Guiles has failed to show that the discovery and deposition he seeks are relevant to the four causes set forth in article 22.13 that will exonerate a surety from his liability upon the forfeiture taken on a bond.  *See* Tex. Code Crim. Proc. Ann. art. 22.13; *Bonds v. State*, 911 S.W.2d 820, 822 (Tex. App.—El Paso 1995, writ ref'd, untimely filed) (holding that appellant was not exonerated from liability because he did not argue any of the four causes provided in article 22.13, which are the only grounds for exonerating a defendant and his sureties upon forfeiture of a bond).

Discovery concerning collateral estoppel or other civil common law or rule 94 affirmative defenses is not relevant in a bond forfeiture proceeding. Accordingly, because the discovery sought by Guiles did not relate to any of the four bases for exoneration of a surety for liability upon a forfeited bond, the trial court did not abuse its discretion by denying Guiles's motion for continuance. *See Soileau v. State*, No. 14-02-01303-CR, 2004 WL 78176, at *7–8 (Tex. App.—Houston [14th Dist.] Jan. 20, 2004, no pet.) (mem. op.) (holding that trial court did not abuse its discretion by denying appellant's motion for continuance, even though case had been on file for only forty-eight days, when appellant failed to show how discovery was relevant). We therefore overrule Guiles's first issue.

## IV. SUMMARY JUDGMENT PROPER FOR STATE

In his second issue, Guiles argues, as he did in his response to the State's motion for summary judgment, that the trial court erred by granting summary judgment for the State because fact issues existed as to whether Alvarez's name was called at the courthouse door on the day that he was required to appear before his bond was forfeited.[2] Guiles's affidavit, attached as summary judgment evidence

---

[2] Guiles's response to the State's motion for summary judgment also asserted that he had filed an affidavit of his intent to surrender Alvarez and that because the trial court did not issue an extradition warrant, he established an affirmative defense to liability on the bond pursuant to Texas Code of Criminal Procedure article 17.19(b). *See* Tex. Code Crim. Proc. Ann. art. 17.19(b) (Vernon Supp. 2009). In its summary judgment reply, the State pointed out that article 17.19(b) provides only for issuance of a capias or warrant for arrest to be issued, not for the issuance of an "extradition warrant," and also pointed out that a capias had been issued in this case. *See McConathy v. State*, 545 S.W.2d 166, 169 n.4 (Tex.

to his response, stated that "[t]o my knowledge, the Bailiff did not call A[l]fredo Alvarez['s] name at the Courthouse Door as required . . . ."

The State filed a reply, pointing out that Guiles's affidavit does not specify that he was present inside or outside the courtroom on April 25, 2008, and that therefore the affidavit fails to establish Guiles's personal knowledge of whether or not Alvarez's name was called. The State attached affidavits from the two bailiffs that were assigned to the trial court on April 25, 2008, and both attested that Alvarez's name was called three times outside the courtroom door.

The Texas Code of Criminal Procedure sets forth the procedures for bond forfeiture proceedings:

> Bail bonds and personal bonds are forfeited in the following manner: The name of the defendant shall be called distinctly at the courthouse door, and if the defendant does not appear within a reasonable time after such call is made, judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties, if any, the amount of money in which they are respectively bound, which judgment shall state that the same will be made final, unless good cause be shown why the defendant did not appear.

Tex. Code Crim. Proc. Ann. art. 22.02 (Vernon 2009). Thus, to be entitled to forfeiture of a bond, the State need only show (1) a valid bond, (2) the defendant's name was distinctly called at the courthouse door, and (3) the defendant failed to

---

Crim. App. 1977) (recognizing surety's affidavit to surrender principal and issuance of arrest warrant does not discharge surety from liability under bond until principal is taken into custody). Guiles does not raise on appeal this challenge to the trial court's summary judgment for the State.

appear within a reasonable time of that call. *Noble Ins. Co. v. State*, Nos. 14-98-01036-CR, 14-98-01037-CR, 14-98-01038-CR, 2000 WL 977358, at *1 (Tex. App.—Houston [14th Dist.] May 18, 2000, no pet.) (not designated for publication). The burden of proof on the second and third prongs is satisfied by the judgment nisi. *Id.* When a forfeiture has been declared on a bond, the case is then docketed on the civil docket with the State of Texas as the plaintiff, and the defendant and any sureties as defendants, and the case is governed by the same rules governing other civil suits. Tex. Code Crim. Proc. Ann. art. 22.10 (Vernon 2009).

When the State moves for summary judgment, it has the burden of establishing as a matter of law that there are no genuine issues of material fact as to any of the essential elements of the State's cause of action and that it is entitled to judgment as a matter of law. *Alvarez v. State*, 861 S.W.2d 878, 880–81 (Tex. Crim. App. 1992) (citing *Deckard v. State*, 615 S.W.2d 717, 718 (Tex. Crim. App. 1981)). The essential elements of the State's cause of action in a bond forfeiture proceeding are the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi. *Id.*

Here, the State's summary judgment evidence included a certified copy of the bond and the judgment nisi in Alvarez's criminal proceeding. Guiles contends that his affidavit claiming that "[t]o [his] knowledge, the Bailiff did not call A[l]fredo Alvarez['s] name at the Courthouse Door as required" raises a genuine issue of material fact as to whether the State satisfied the statutory requisites to obtain the

7

judgment nisi—that is whether the State conclusively established that Alvarez's name was called at the courthouse door. This allegation, however, is insufficient to raise a fact issue because it states only a conclusion, does not provide specific facts that form the basis of the conclusion, and fails to state how Guiles purportedly knew that the Alvarez's name was not called. *See Lopez v. State*, 678 S.W.2d 197, 200 (Tex. App.—San Antonio 1984, no pet.); *see also In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (holding that relators' affidavit did not meet the requirements of rule 52.3(k) because affiant stated—like the affidavit here—"to my knowledge," which is an equivocal statement implying less than personal knowledge); *see generally Bennett v. State*, 394 S.W2d 804, 807 (Tex. Crim. App. 1965) (holding that calling defendant's name from hallway outside the courtroom where the proceedings are to take place—as occurred here according to recitations in the judgment nisi—constituted substantial compliance with article 22.02); *Aspilla v. State*, 952 S.W.2d 610, 613 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (same).

Having reviewed the summary judgment evidence presented in the light most favorable to Guiles, the State conclusively established every necessary element of the bond forfeiture proceeding, and Giles failed to raise a genuine issue of material fact as to any of the requisite elements or to raise a statutory defense. *See Lopez*, 678 S.W.2d at 200 (upholding summary judgments for the State because appellants did not conclusively establish that principal's name was not called); *Quintero v.*

8

*State*, No. 14-96-00587-CR, 1998 WL 104960, at *3 (Tex. App.—Houston [14th Dist.] Mar. 12, 1998, pet. dism'd w.o.j.) (not designated for publication) (same). Accordingly, we overrule Guiles's second issue.

## V. CONCLUSION

Having overruled Guiles's two issues, we affirm the trial court's judgment.

SUE WALKER<br>
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: March 11, 2010