

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00013-CV

———————————————

MAXIE D. GREEN D/B/A A TO Z BAIL BONDS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. 190,340-A

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth
Concurring Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

### Introduction

After Maria Delcarman Sosa-Esparza was indicted for a felony offense in August 2017, she entered into a bail bond with Appellant Maxie D. Green d/b/a A to Z Bail Bonds as surety, securing Sosa's appearance in the trial court. Sosa was ordered to appear for a pretrial conference on March 1, 2019, but she failed to appear. The trial court entered a judgment nisi, which states that Sosa's name had been called "at the courtroom door." *Cf.* Tex. Code. Crim. Proc. Ann. art. 22.02 (requiring call at the "courthouse door"). Both Green and Sosa were cited to appear and show cause why the forfeiture should not be made final. Green timely answered, but Sosa defaulted and is not a party to this appeal.

The State moved for a traditional summary judgment on the bond forfeiture, and Green responded by arguing that the State's evidence raised issues of fact on the essential elements of its case, namely whether Sosa's name was called at the courthouse door. Green also lodged objections to the State's summary judgment evidence. The trial court granted the State's motion without ruling on Green's objections, and Green appealed, arguing in three points that the State's own evidence raised issues of fact as to (1) whether Green received proper notice of the pretrial hearing; (2) whether Sosa's name was called at the courthouse door; and (3) the proper identification of the defendant. We sustain Green's second point, reverse the

trial court's judgment, and remand the case for further proceedings.[1]  *See* Tex. R. App. P. 43.2(d).

## Standard of Review

In a summary judgment case, the issue on appeal is whether the movant established that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  We review a summary judgment de novo.  *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).  We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.  *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008); *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).  The movant's own summary judgment evidence can create an issue of fact.  *Keever v. Hall & Northway Advertising, Inc.*, 727 S.W.2d 704, 706 (Tex. App.— Dallas 1987, no pet.); *see Luke v. Unifund CCR Partners*, No. 2-06-444-CV, 2007 WL 2460327, at *4–5 (Tex. App.—Fort Worth Aug. 31, 2007, no pet.) (mem. op.).

In a traditional summary judgment, if the movant fails to establish its entitlement to summary judgment, the burden of proof never shifts to the nonmovant.  *Draughon v. Johnson*, 361 S.W.3d 81, 87–88 (Tex. 2021).

---

[1]Because our holding on Green's second point is dispositive, we need not address points one and three.  *See* Tex. R. App. P. 47.1

## Applicable Law

Though criminal actions, bond forfeiture cases are reviewed on appeal using the same rules as civil suits. Tex. Code Crim. Proc. Ann. arts. 44.42, 44.44; *Benson v. State*, 476 S.W.3d 136, 138 (Tex. App.—Austin 2015, pet. ref'd). Bond forfeiture proceedings are entirely statutory, and courts strictly construe the statutes governing them. *Hernden v. State*, 865 S.W.2d 521, 523 (Tex. App.—San Antonio 1993, no pet.).

The Code of Criminal Procedure outlines the statutory framework for bond forfeiture proceedings:

> Bail bonds and personal bonds are forfeited in the following manner: The name of the defendant shall be called distinctly at the courthouse door, and if the defendant does not appear within a reasonable time after such call is made, judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties, if any, the amount of money in which they are respectively bound, which judgment shall state that the same will be made final, unless good cause be shown why the defendant did not appear.

Tex. Code. Crim. Proc. Ann. art. 22.02.

The essential elements of the State's bond forfeiture claim are the bond and judgment nisi. *Alvarez v. State*, 861 S.W.2d 878, 880–81 (Tex. Crim. App. 1992). A judgment nisi is prima facie proof that the statutory elements have been satisfied. *Tocher v. State*, 517 S.W.2d 299, 301 (Tex. Crim. App. 1975) (quoting *Thompson v. State*, 31 Tex. 166, 166 (1868) ("This court will presume that the judgment nisi was taken in accordance with the statutory requirements, unless it affirmatively appears otherwise.")). When moving for summary judgment on a bond forfeiture, the State must conclusively prove three facts: (1) a valid bond; (2) the failure of the defendant

4

to appear at a criminal hearing at which his presence is required; and (3) the calling of the defendant's name distinctly at the courthouse door. *Alvarez*, 861 S.W.2d at 881, 888; *see* Tex. Code Crim. Proc. Ann. art. 22.02.

## Application

Because the judgment nisi states that Sosa's name was called at the court*room* door, as opposed to the court*house* door, Green contends that the State failed to establish that there exist no genuine issues of material fact concerning whether Sosa's name was called at the courthouse door as required by Article 22.02. *See* Tex. Code. Crim. Proc. Ann. art. 22.02. We agree.

### The State's Evidence

To prove that Sosa's name was called at the courthouse door, the State proffered three pieces of summary judgment evidence: (1) a certified copy of the judgment nisi stating that Sosa's name "was distinctly called at the courtroom door"; (2) a certified certification of call stating that Sosa's name was called "three times loudly and distinctly in compliance with Texas Code of Criminal Procedure Article 22.02";[2] and (3) two unanswered requests for admission—Request for Admission No.

---

[2]The certification of call is an unsworn, signed statement from the trial court's administrator, which states in full:

On March 1, 2019, pursuant to the ORDER of the Court, I called the name of the defendant Maria Sosa, in this case three times loudly and distinctly in compliance with Texas Code of Criminal Procedure Article 22.02. A reasonable time was given after the calls were made for the defendant to appear, but the defendant did not answer or appear and wholly made default.

8 and Request for Admission No. 9—which the State argues were deemed admitted by operation of law.[3] Request for Admission No. 8 asked Green to admit or deny that "Defendant–Principal's name was distinctly called outside the Wichita County courtroom door for a scheduled hearing on the hearing date." Request for Admission No. 9 requested that Green admit or deny that "Defendant–Principal was given reasonable time and did not appear in Court for a scheduled hearing on the hearing date."

**Green's Objection Limits Evidentiary Scope**

In his response to the State's motion, Green objected to the certification of call as conclusory. Specifically, Green objected to the statement that Sosa's name was called "distinctly in compliance with Texas Code of Criminal Procedure Article 22.02." There is no indication in the record that the court ruled on this objection.

---

[3]The State's motion and response on appeal are predicated largely on the theory that Green, by operation of law, admitted each element of the State's case by failing to respond to the State's propounded requests for admission. We will consider the admissions in our analysis because Green did not address them with the trial court or on appeal and, thus, preserved no valid complaint relative to them. Tex. R. Civ. P. 166a(c) ("[In summary judgment proceedings], [i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *see Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797–98 (Tex. 2008) (holding that a party waives right to challenge deemed admissions if not properly raised with trial court). *But see Medina v. Zuniga*, 593 S.W.3d 238, 244–46 (Tex. 2019) ("[R]equests for admissions are no method for trying the merits."). The deemed admissions to requests eight and nine, so the State argues, admit all elements required to establish the statutory requisites of Article 22.02.

Typically, to preserve an objection to summary judgment evidence for appellate review, the objecting party must have obtained a ruling from the trial court. Tex. R. App. P. 33.1(a)(2)(A); *see Lenz v. Lenz*, 79 S.W.3d 10, 13 (Tex. 2002). However, objecting to a statement in summary judgment evidence as conclusory asserts a defect of substance rather than form and can be raised for the first time on appeal. *Albright v. Good Samaritan Soc'y–Denton Vill.*, No. 02-16-00090-CV, 2017 WL 1428724, at *2 (Tex. App.—Fort Worth April 20, 2017, no pet.) (mem. op.); *see also Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018). A statement that is nothing more than a legal conclusion is incompetent summary judgment evidence because it does not provide the underlying facts to support its conclusion. *Brown v. Mesa Distribs. Inc.*, 414 S.W.3d 279, 287 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *see Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991) (holding statements, "I acted properly . . . and that I have not violated the [DTPA] . . . [and] did not breach my contract," were legally conclusive); *Gail v. Berry*, 343 S.W.3d 520, 523 (Tex. App.—Eastland 2011, pet. denied) (holding statement, "I do not believe that this is a case of mutual mistake," was legally conclusive); *Doherty v. Old Place, Inc.*, 316 S.W.3d 840, 845 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding statement, "I claim fee simple title," was legally conclusive); *see also In re S.B.*, No. 02-19-00048-CV, 2019 WL 3334615, at *8 (Tex. App.—Fort Worth July 25, 2019, pet. denied) (mem. op.) (explaining that a conclusory statement is one that does not provide the underlying facts to support the conclusion and that without revealing the conclusion's basis, the statement constitutes

no evidence at all); *Long v. Faris*, No. 02-17-00236-CV, 2018 WL 1192252, at *6 (Tex. App.—Fort Worth Mar. 8, 2018, no pet.) (mem. op.) ("Conclusory evidence is not competent summary judgment proof . . . .").

While the State's certification of call provides some factual basis to support *how* Sosa's name was called ("three times loudly and distinctly"), it fails to provide any factual basis for *where* Sosa's name was called. Simply stating that the call was made in compliance with Article 22.02 is nothing more than legally conclusive on this fact. *See Brown*, 414 S.W.3d at 287. Accordingly, this statement is incompetent evidence to support summary judgment on the fact issue of whether Sosa's name was called at the courthouse door. *See Anderson*, 808 S.W.2d at 55.

**The State Did Not Meet Its Initial Burden**

Thus, we must determine—based only on the judgment nisi and deemed admissions—whether the State established conclusively that Sosa's name was called at the courthouse door. We conclude that it did not.

Both the judgment nisi and the deemed admissions provide only that Sosa's name was called at the court*room* door.[4] Of course, the fact that Sosa's name was called at the courtroom door does not, in itself, preclude that her name was also called at the courthouse door. However, for purposes of summary judgment, we must take

---

[4]We do not address here whether the judgment nisi is defective, only whether its statements serve to carry the State's initial summary judgment burden on this element. *See* Tex. Code Crim. Proc. Ann. art. 22.12 (stating that court may not set aside judgment nisi for form defect).

8

as true all evidence favorable to Green and indulge every reasonable inference and resolve any doubts in his favor. *See 20801, Inc.*, 249 S.W.3d at 399.

The State argues that it carried its burden on this element because calling a defendant's name at the courtroom door presumes substantial compliance with Article 22.02. While it is true that courts have repeatedly held that calling a defendant's name at the courtroom door substantially complies with the directive to call the name at the courthouse door, these cases were almost exclusively decided at trial on the merits rather than at the summary judgment stage.[5] *E.g.*, *Deem v. State*, 342 S.W.2d 758, 758–59 (Tex. Crim. App. 1961); *Caldwell v. State*, 126 S.W.2d 654, 654 (Tex. Crim. App. 1939); *Aspilla v. State*, 952 S.W.2d 610, 611–12 (Tex. App.— Houston [14th Dist] 1997, no pet.); *see also Alvarez*, 861 S.W.2d at 884–86 (Overstreet, J., concurring and dissenting on orig. submission) (collecting cases).

---

[5]It is also notable that we find no cases deciding the very narrow question raised in this case: Does the State, as summary judgment movant in a bond forfeiture case, bear its initial burden as to whether the defendant's name was called at the courthouse door where the judgment nisi on its face recites only that the defendant's name was called at the courtroom door and the State provides no competent evidence showing otherwise? *See Todd v. State*, No. 14-10-00031-CR, 2011 WL 704337, at *2 (Tex. App.—Houston [14th Dist.] Mar. 1, 2011, pet. ref'd) (mem. op., not designated for publication) (affirming summary judgment where judgment nisi explicitly recited name called at the courthouse door); *Guiles v. State*, No. 2-09-146-CV, 2010 WL 851421, at *2 (Tex. App.—Fort Worth Mar. 11, 2010, no pet.) (mem. op.) (affirming summary judgment where nonmovant's affidavit stated that to his knowledge, name was not called, held conclusory and, thus, failed to raise an issue of fact that defendant's name was called at courthouse door).

Because the State's evidence wholly fails to address whether Sosa's name was called at the courthouse door, and because we are precluded from inferring facts in the State's favor, the summary judgment evidence creates doubt about where Sosa's name was called. We must resolve these doubts in Green's favor. *See 20801, Inc.*, 249 S.W.3d at 399. In doing so, we conclude it is reasonable to infer that the call occurred only at the courtroom door, which might not be in the same location as the court*house* door, as the record is silent on that point. Consequently, the State has failed to satisfy its initial burden of demonstrating that no issue of material fact exists on this essential element and, therefore, is not entitled to summary judgment as a matter of law.

To the extent that one of our sister courts has held to the contrary, we disagree with its analysis. *See Quintero v. State*, No. 14-96-00587-CR, 1998 WL 104960, at *2 (Tex. App.—Houston [14th Dist.] Mar. 12, 1998, pet. dism'd w.o.j.) (not designated for publication). In *Quintero*, our sister court stated, in a summary judgment case, that "it is not required that the defendant be called from the 'courthouse door.' Rather, it has been repeatedly held that calling for a defendant from the hallway outside the courtroom where the proceedings are to take place constitutes substantial compliance with article 22.02." *Id.* The court affirmed summary judgment for the State, holding that a bailiff's affidavit proffered by the nonmovant surety stating that the defendant's name was called at the courtroom door on the second floor of the courthouse "satisfied" Article 22.02. *Id.*

Contrary to *Quintero*, we hold that the distinction between proof at trial and proof at the summary judgment stage is important because the supreme court has instructed us that the presumptions and burdens of proof at trial are "immaterial to the burden that a movant for summary judgment must bear." *Mo.-Kan.-Tex. R.R. v. City of Dallas*, 623 S.W.2d 296, 298 (Tex. 1981). "[A] summary judgment movant may not use a presumption to shift to the non[]movant the burden of raising a fact issue of rebuttal." *Chavez v. Kan. City S. Ry.*, 520 S.W.3d 898, 900 (Tex. 2017).

In essence, the State contends that it is entitled to the presumption of substantial compliance regardless of any genuine issues of material fact that arise on the face of its own evidence. To afford the State this presumption—particularly when we are to strictly construe Article 22.02, *Hernden*, 865 S.W.2d at 523—would inappropriately displace its heightened summary judgment burden with the lesser burden of proof it would bear at trial. *Chavez*, 520 S.W.3d at 900; *see Torres v. Caterpillar, Inc.*, 928 S.W.2d 233, 239 (Tex. App.—San Antonio 1996, pet. denied) (instructing that summary judgment is a "harsh remedy requiring strict construction" because it is an exception to conventional trial proceedings decided on evidence admitted in open court). Therefore, we sustain Green's second and dispositive point.

## Conclusion

Having resolved the case in Green's favor on his second point, we reverse the trial court's judgment and remand the case for further proceedings in the trial court.

11

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  December 2, 2021