

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-21-00013-CV

---

MAXIE D. GREEN D/B/A A TO Z BAIL BONDS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. 190,340-A

---

Concurring Memorandum Opinion by Justice Walker

**CONCURRING MEMORANDUM OPINION**

Summary-judgment procedure is precise and distinctive. Once a party moves for a summary judgment, a court must close its regular playbook and proceed under the summary-judgment rule's narrow confines. But this principle is as it should be. After all, a summary judgment stops a case in its tracks before it reaches a fact-finder. In essence, a summary judgment decrees that a dispute has no facts to find and, thus, is not entitled to a fact-finder. Accordingly, and as the majority explains, the standard of review must be carefully followed.

Application of that standard here reveals that the State failed to establish as a matter of law that there was no fact issue on an essential element of its case for forfeiture—the principal's name was "called distinctly at the courthouse door" before the provisional judgment was entered. Tex. Code Crim. Proc. Ann. art. 22.02; *see Safety Nat'l Cas. Corp. v. State*, 273 S.W.3d 157, 163 (Tex. Crim. App. 2008) (describing judgment nisi as a provisional judgment that may later become final). Thus, I agree that the summary judgment must be reversed and that the State's case must be remanded for further proceedings under Chapter 22 of the Code of Criminal Procedure. I write separately in order to stress the nature of bail-forfeiture proceedings and its interaction with civil summary-judgment procedure. *See* Tex. Code Crim. Proc. Ann. art. 22.10 (providing civil-suit rules apply to bond-forfeiture proceedings).

To be entitled to a traditional summary judgment on its affirmative claim for relief, the State had to carry the initial burden to conclusively prove by competent summary-judgment evidence that, as a matter of law, there were no genuine issues of material fact concerning each element of its claim. Tex. R. Civ. P. 166a(a), (c); *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021); *Nichols v. Smith*, 507 S.W.2d 518, 520 (Tex. 1974); *Gibbs v. Gen. Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). And importantly in this case, we view the evidence in the light most favorable to the surety and resolve any doubts against the motion. *See Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021).

The State's bond-forfeiture cause of action had three elements: (1) a valid bond executed by the surety, (2) the principal's name was called distinctly at the courthouse door, and (3) the principal failed to appear within a reasonable time of that call. *Alvarez v. State*, 861 S.W.2d 878, 887 (Tex. Crim. App. 1992) (op. on reh'g). Our case turns on the second element: Did the State conclusively establish as a matter of law that the principal's name was called distinctly at the courthouse door? As the majority recognizes, the judgment nisi, which is prima facie proof of the statutory elements, reflects that the principal's name was called at the court*room* door. And the deemed admission follows suit, admitting only that the principal's name was called at the court*room* door. *See generally* Tex. R. Civ. P. 198.3 (explaining effect of deemed admission). The State's summary-judgment evidence shows that it did not conclusively establish that the principal's name was called at the court*house* door as

3

required; thus, the surety was not required to come forward with contradictory evidence on this element of the State's case.[1] *See Swilley*, 488 S.W.2d at 67–68.

At first glance, this result appears captious, putting form over function. After all, courthouse structure is vastly different now than at the inception of the bond-forfeiture statutes over 100 years ago. *See Alvarez*, 861 S.W.2d at 885 n.3 (Overstreet, J., concurring and dissenting on orig. submission); *Gen. Bonding & Cas. Ins. Co. v. State*, 165 S.W. 615, 616, 619 (Tex. Crim. App. 1913); Harold Don Teague, Comment, *The Administration of Bail and Pretrial Freedom in Texas*, 43 Tex. L. Rev. 356, 360 & n.30 (1965). In a modern courthouse, calling a principal's name at the courtroom door where she was specifically cited to appear would seem more efficacious than traversing multiple floors to do so at the door to the entire courthouse. And in some instances, calling the defendant's name in the courtroom is considered sufficient, which could lead to confusion for the bench and bar alike. *See, e.g.*, *Kombudo v. State*, 148 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2004) (discussing reasonable-excuse defense to bail jumping), *rev'd on other grounds*, 171 S.W.3d 888, 889 (Tex. Crim. App. 2005); *Walker v. State*, No. 01-98-00827-CR, 1999 WL 1240921, at *2 (Tex. App.—Houston [1st Dist.] Dec. 23, 1999, pet. ref'd) (not designated for publication)

---

[1] Even if the certification of call were considered, it would not change the result here. If the administrator's statement that the call was conducted in compliance with Article 22.02 was sufficient to establish that the principal's name was called at the courthouse door, that statement would be juxtaposed to the judgment nisi and the admission that the call occurred at the courtroom door. Thus, the State would not have established this element as a matter of law. *See, e.g.*, *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972).

(holding evidence legally sufficient to support bail-jumping conviction partially based on evidence that appellant's name had been called three times at courtroom door on appearance date with no response); *Aspilla v. State*, 952 S.W.2d 610, 612–13 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (holding in review of final forfeiture judgment that calling principal's name at the courtroom door was substantially compliant with Article 22.02). But "[u]ntil the Legislature changes it, the statute requires that the principal's name be called at the courthouse door, period." *Alvarez*, 861 S.W.2d at 884; *see also Timmins v. State*, 601 S.W.3d 345, 348 (Tex. Crim. App. 2020) (holding courts "ordinarily give effect to [plain] meaning" when construing statutes). The State did not establish this element as a matter of law, and any inquiry into substantial compliance would prematurely shift the summary-judgment burden away from the State to conclusively establish its statutory cause of action. *See Alvarez*, 861 S.W.2d at 884–85; *cf. Bennett v. State*, 394 S.W.2d 804, 807 (Tex. Crim. App. 1965) (discussing substantial compliance in the context of final forfeiture judgment); *Aspilla*, 952 S.W.2d at 612–13 (same).

With these clarifying comments, I concur in this court's judgment.

/s/Brian Walker

Brian Walker
Justice

Delivered: December 2, 2021