T. F. ODIORNE v. THE STATE.

1. In a suit on a forfeited bail bond, the sureties, being served with *scire facias*, appeared at the next term of the court, and filed their answer, setting forth reasons why judgment final should not be rendered against them.   On motion of the district attorney their answer was stricken out because it was not sworn to, and judgment final was rendered against them.   *Held*, to be error.   The statutes of this State do not require that an answer to a *scire facias* upon a forfeited bail bond should in any case be sworn to.

2. The law prescribing the manner of taking forfeitures of recognizances and bail bonds requires that the names of the defendant and his sureties be distinctly called at the court-house door ; and it will not suffice to call the name of the defendant alone.

APPEAL from Hays.   Tried below before the Hon. J. P. Richardson.

There is no occasion for a statement of the facts.

*L. J. Storey*, for appellant.

*Wm. Alexander, Attorney-General*, for the State.

OGDEN, J. This is an appeal from a judgment final upon a forfeited bail bond. The sureties were served with a notice of the judgment *nisi*, and appeared at the next term of the court and filed their answer, setting up several causes why judgment final should not be rendered against them. The district attorney moved to strike out the answer, because the same was not sworn to, and for other cause. The motion was sustained, the answer stricken out, and judgment final entered. We think there is error in the ruling and judgment of the court, and for which the judgment must be reversed.

The statute does not require that the answer to a *scire facias* upon a forfeited bail bond shall in any case be sworn to, and especially when the matters pleaded in the answer are matters of record in the court, and of which the court ought to take judicial cognizance. The answer pleaded the insufficiency of the bail bond to support any judgment, and further, that the bond was not forfeited according to law. Either of these answers, if true, was a sufficient defense to the proceedings; while the truth or falsity of the answer was apparent on the record, and should have been inquired into by the court.

Article 2880, Paschal's Digest, in prescribing the manner of forfeiting recognizances and bail bonds, says, the name of the defendant and his sureties shall be called distinctly at the door of the court-house; and the record and judgment *nisi* shows that the defendant only was called. The law was not complied with · in this particular, and the court should have set aside the judgment *nisi* upon the answer of the defendant and an inspection of the record. For these errors the judgment is reversed and the cause remanded.

Reversed and remanded.