Delivered January 13, 1891.

---

### AZEL B. HOWARD v. J. L. FULTON.

#### No. 2901.

**Notice of Trust Sale — Manner of Notice.** — A trustee was authorized to sell lands for cash at the court house door in the city of Austin, county of Travis, "first giving thirty days public notice of the time, terms, and place of sale, and of the property to be sold, by notice posted at the place of sale and by advertising the same in some newspaper in the city of Austin, for at least thirty days prior to the day of sale, such publication to be made four times in succession in said paper." The trustee gave notice of the time, terms, and place of sale of the property to be sold by posting two printed copies of such notice on the boards provided by the county for the posting of public notices. The boards were in the corridor of the court house, about forty feet from the front door, where public sales were made, and just at the side of the stairway leading to the court rooms in the second story. Notices of trustee sales, sheriff sales, and tax sales, and all notices of probate matters were posted on the board. Such notices were never permitted upon the walls or doors of the building. The notices were posted December 21, 1887. The notice was also published in the Austin Evening Dispatch, a newspaper published in the city of Austin, beginning December 21, 1887, and being published every successive day thereafter, except Sundays, until January 23, the day of sale. The sale was made at the court house door and within the usual hours. Suit

was brought to recover the land by Howard, the mortgagor, against Fulton, holding under the trust sale.   *Held:*

1.   The stipulation "first giving thirty days public notice * * * by advertising the same in some newspaper" indicates the period that was to elapse from the insertion in the paper of the first notice, and in so far as that stipulation is concerned was complied with by a first insertion thirty days before the day upon which the property was to be sold.   The publication being continued, Sundays excepted, the publication was in strict compliance with the power.

2.   Touching the stipulation that the notice should be posted "at the court house door," no reason is seen why a notice posted near the door and in immediate view of it does not fully meet the purpose of the law in regard to legal notices and of parties to a mortgage with a power of sale who have stipulated for a like advertisement.

3.   The notices of sale given were sufficient and the sale valid.

APPEAL from Travis.   Tried below before Hon. W. M. Key. The opinion gives the facts.

*Walton, Hill & Walton* and *West & McGown,* for appellant.—1.   The well settled rule is that the trustee must follow his deed of authority strictly in performing the functions of his office, however unessential. Hart v. Rust, 46 Texas, 574; Houston v. Crosby, 1 Texas, 226; Early v. Doe, 16 How., 319; 2 Perry on Trusts, 3 ed., sec. 602g; Sears v. Livermore, 17 Ia., 297; Ryan v. Porter, 61 Texas, 107.

2.   When the deed of trust is ambiguous or there is a doubt as to its meaning, that construction should be given same most favorable to the mortgagor, and the trustee in performing his duties should follow that construction most liberal to the mortgagor.   O'Connor v. Townes, 1 Texas, 109; State v. Asbury, 26 Texas, 83; Hill v. Faison, 27 Texas, 431; Ang. on Lim., ch. 6, sec. 50, note 5.

3.   As to the computation of time, the rule is that in sales made by trustee, so far as time of notice is concerned, the day of sale and likewise the date of the first publication or notice are excluded.   Dickson v. Burke, 28 Texas, 118; Hyde v. White, 24 Texas, 144; Hill v. Faison, 27 Texas, 431; Stephenson v. Railway, 42 Texas, 162; Lubbock v. Cook, 49 Texas, 101; Burr v. Lewis, 6 Texas, 76; Watkins v. Willis & Bro., 58 Texas, 523; Young v. Van Benthuysen, 30 Texas, 762; Early v. Doe, 16 How., 399; Weld v. Reese, 48 Ill., 428; Scammon v. Chicago, 40 Ill., 148; 2 Perry on Trusts, sec. 602r.

4.   A purchaser holding under a trustee's sale is affected with notice of everything set out in the deed of trust; and when the trustee's deed made thereunder, taken with the deed of trust, shows upon its face that the trustee has not properly exercised the power vested in him and that his sale is a nullity, then would such purchaser, even though he may not be cognizant personally of the unauthorized act of the trustee, be bound by such deed and would take no title.   Young v. Van Benthuysen, 30 Texas, 769; Ferguson v. Reed, 45 Texas, 574; Ryan v. Porter, 61 Texas, 106; Shillabor v. Robinson, 97 U. S., 68; Bigler v. Waller, 14 Wall. (U. S.), 297.

*Robertson & Williams,* for appellee. — 1. The notice of the sale, as published by the trustee in the Austin Evening Dispatch, was in full compliance and in strict conformity with the requirements and conditions contained in said provision of the said deed of trust, and the court below did not err in so holding. Manf. Co. v. Daggett, 84 Ill., 559; Weld v. Reese, 48 Ill., 428; Cushman v. Stone, 69 Ill., 520; Leffler v. Armstrong, 4 Ia., 482; Campbell v. Togg, 30 Ia., 307; Tooke v. Newman, 75 Ill., 215; Jenkins v. Pierce, 98 Ill., 646; Johnson v. Dorsey, 3 Gill., 269; Kellogg v. Carico, 47 Mo., 157; Long v. Rogers, 6 Biss. C. C., 416; Treplow v. Bass, 10 Kans., 170; McCardy v. Baker, 11 Kans., 111; Whitaker v. Branch, 12 Kans., 482.

2. The notice of said sale posted on the boards in the corridor of the court house in the city of Austin, county of Travis, and State of Texas, which were provided by the authorities of said county and used for the purpose of posting all public notices of sheriff sales, tax sales, notices in probate matters, and all public notices required by law to be posted at the court house door, said boards standing near and in plain view of the door where the sale was made, was in strict compliance and conformity with the said provision in said deed of trust requiring that such notice should be posted at the place of sale, and the court did not err in so holding. Hickey v. Behrens, 75 Texas, 488; Beaty v. Butler, 12 Mo., 313; Powers v. Kenckhoff, 41 Mo., 430; Graham v. Fitts, 53 Miss., 307; Rice v. Brown, 71 Ill., 549.

3. In making said sale the trustee, Thad. A. Thomson, as between appellant and Mrs. Mary Wilke, the purchaser at said sale, and as between the appellant and the appellee in this suit, was the agent of appellant, and the recitals in the deed of said trustee to Mrs. Mary Wilke of the performance by him of the conditions and requirements provided and specified in said deed of trust to be done and performed by the said trustee in case a sale of said lands should be made by the said trustee under said deed of trust, are binding upon appellant; and as against appellee, who purchased said lands and paid full value therefor in good faith and without notice of any fact or circumstance connected with the sale of said lands except as the same are recited in the said deed from the said trustee to Mrs. Mary Wilke, appellant is forever estopped to deny the truth of such recitals. Murrell v. Scott, 51 Texas, 520; Ward v. Newell, 37 Texas, 261; Kennedy v. Briere, 45 Texas, 306; Cook v. Bremond, 27 Texas, 459; Ragsdale v. Robinson, 48 Texas, 398; Williams v. Chandler, 25 Texas, 11; Box v. Lawrence, 14 Texas, 556; Parker v. Campbell, 21 Texas, 763; Smith v. Kinney, 33 Texas, 286.

GAINES, ASSOCIATE JUSTICE. —This was an action of trespass to try title, brought by appellant to recover of appellee sixty-eight sections of land in Oldham and Deaf Smith counties.

The appellant being the owner of the lands, on the 27th day of November, 1886, executed to one Thomson as trustee a mortgage with a power of sale, for the purpose of securing a promissory note, payable to one Francis, on the 24th day of November, 1887. The note not having been paid at maturity, the trustee, after advertising the sale, sold and conveyed it to one Mary Wilke, who conveyed it to one J. W. Rickey, who in turn conveyed it to the appellee.

The contention of the plaintiff in the court below was that the conveyance by the trustee was invalid by reason of his failure to give notice in the manner provided by the deed of trust, and such is his contention here. The stipulation in the instrument conferring the power to sell is as follows:

"But in case of the failure or default in the payment of said note according to its tenor and effect at maturity of same, or in case of failure to pay all the taxes upon said land when same shall be due and payable, then and in that event said note shall at once become payable and due, and this deed shall remain in full force and effect, and the said Thad. A. Thomson, party of the second part, is by these presents fully authorized and empowered and it is made his special duty at the request of said D. R. Francis, party of the third part, or the holder of said note, at any time after the maturity of the same, to sell the above described tracts of land or any part thereof, separately or in a body, to the highest bidder at public vendue, for cash, at the court house door in the city of Austin, county of Travis, State of Texas, first giving thirty days public notice of the time, terms, and place of sale and of the property to be sold, by notice posted at the place of sale and by advertising the same in some newspaper published in the city of Austin, Texas, for at least thirty days prior to the day of sale, such publication to be made four times in succession in said paper," etc.

The agreed statement upon which the case was submitted in this court shows that the trustee gave "notice of the time, terms, and place of sale and of the property to be sold as follows: By posting two printed copies of such notice on the boards in the corridor of the court house in the city of Austin, county of Travis, and State of Texas, said printed notice being about ten inches in length and two inches in breadth, the sale being made at the west front door of said court house, where all public sales in the county of Travis are usually made; and the boards on which the notices were posted were in the corridor of the building, about forty feet from the front door, and in open view from the door and just at the side of the stairway leading to the court rooms in the second story. The boards on which those notices were placed were provided by the county of Travis for the posting of notices of sheriff sales, tax sales, all notices in probate matters, and all public notices required by law to be posted at the court house door, and such boards had been provided and used for such purposes, standing in the same place, for many years, and notices of trustees

sales had always customarily been posted on these boards. Notices of this character were never permitted to be posted on the door or walls of the house, and the notices in this case were not posted on the door or walls of the house, but on the boards furnished and used for such purposes. These notices were posted as stated on December 21, 1887, more than thirty days before the day of sale. This notice was also published in the Austin Evening Dispatch, which was a newspaper published in the city of Austin, Texas, as follows, beginning on December 21, 1887, and being published on each successive day thereafter, except Sundays, until and including the day of sale.

"The sale was made within the hours usual for public sales, on January 23, 1888. The Austin Evening Dispatch newspaper was not published on Sunday, but was issued regularly on every other day of the week."

Now it is insisted by counsel for appellant, in the first place, that by the terms of the deed of trust thirty clear days should have elapsed between the day of the last publication in the newspaper and the day of sale; and in the second, that the notice was not posted at the place designated for the same, namely, at the court house door of Travis County. But in regard to the first question we think that it was not required that the last publication should be thirty days before the day of sale. Such intention is not expressed in the language we have quoted; nor do we think that it can fairly be implied. The stipulation "first giving thirty days public notice of the time, terms, and place of sale and of the property to be sold * * * by advertising the same in some newspaper published in the city of Austin, Texas," in our opinion indicates the period that was to elapse from the insertion in the paper of the first notice, and in so far as that stipulation is concerned it was complied with by the first insertion thirty days before the day upon which the property was to be sold. It was probably contemplated that subsequent publications should be at intervals of a week each, and the object was not only to give greater publicity, but also to keep public attention aroused to the fact that the sale was to be made down to a time shortly before the day of sale. If the construction claimed by appellant be correct, then the deed of trust required a notice by advertisement in a newspaper for at least thirty-three days before the day of sale instead of "for at least thirty days," as expressed in the instrument.

Counsel for appellant insist that at all events the meaning of the mortgage is doubtful, and that the law requires that the doubt should be resolved in his favor. We do not think that there is such doubt in regard to the construction as requires us to determine whether the rule of interpretation insisted upon be correct or not. The advertisement having appeared in the paper every day, Sundays excepted, until the day of sale, we conclude that in this respect there was a strict compliance with the terms of the power conferred upon the trustee under any proper construction of the language used in the mortgage.

This brings us to the second question, Was the notice of the sale posted at the place designated by the instrument? The sale was to be "at the court house door" and the notice was to be posted "at the place of sale." "At the court house door" is one of the places designated by our statutes for posting advertisements of sheriffs' and administrators' sales of real estate, and perhaps of some other notices. We do not think that the Legislature meant, nor do we think the parties to the mortgage under consideration intended, that the notice should be posted on or in the door. Such is not necessarily the literal construction of the words. Webster, defining the word "at," says: "Primarily this word expresses the relations of presence, nearness in time or place, or direction toward. * * * It is less definite than in or on; at the house may be in or near the house." See Webster's Dict. Reasons readily suggest themselves why the doors of a costly public building should be neither defaced by posting notices upon them nor encumbered by bulletin boards, and none is seen why a notice posted near the door and in immediate view of it does not fully meet the purpose of the law in regard to legal notices, and of parties to a mortgage with a power of sale who have stipulated for a like advertisement. In providing for the posting at the court house door in the deed of trust under consideration, the parties doubtless intended that the notice should be stuck up at the place for posting legal notices in the city of Austin—such being the place where a poster would most likely be seen by persons desirous of purchasing land at public sale.

We concur in the conclusion of the learned judge who tried the case below that the notices of the sale were given in accordance with the terms of the deed of trust, and that it is unnecessary to pass upon any other question in the case.

The judgment is accordingly affirmed.

*Affirmed.*

Delivered January 13, 1891.