HENRY DARWIN CALDWELL ET AL V. THE STATE.

No. 20109. Delivered February 22, 1939.
Rehearing Denied April 12, 1939.

The opinion states the case.

*John L. Poulter,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Caldwell was under indictment in the Criminal District Court of Tarrant County, Texas, charged with burglary; said indictment containing a further averment that he had theretofore been convicted of the offense of burglary in the District Court of El Paso County, Texas. The indictment in the present case was returned on June 5, 1936. On August 28, 1936 Caldwell entered into bond in the sum of $1,500.00 with H. G. Tankersley and J. J. Williams as sureties, the condition of said bond being that Caldwell would make his personal appearance before the Criminal District Court of Tarrant County, Texas, and "there remain from day to day and from term to term of said court, and not depart therefrom until discharged by due course of law, then and there to answer" the charges in said indictment.

On October 12, 1936 Caldwell's case was called for trial. He failed to appear. His bond was forfeited and judgment nisi entered against him and his sureties. Upon proper notice the judgment nisi was made final on May 28, 1938, from which judgment Tankersley and Williams bring this appeal.

Appellants' main contention is that the forfeiture of said bond was not taken as the law directs in that they claim Caldwell's name was not called "at the court house door." Our statute (Art. 425 C. C. P.) provides that: "The name of the defendant shall be called distinctly at the court house door, and, if the defendant does not appear within a reasonable time after such call is made, judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties, the amount of money in which they are respectively bound, which judgment shall state that the same will be made final, unless good cause be shown at the next term of the court why the defendant did not appear."

The judgment nisi recites that Caldwell's name "was called distinctly at the door of the court house" before forfeiture was declared on said bond. At the trial to determine whether the judgment nisi should be made final evidence was heard and the facts established as follows:

The court room of the Criminal District Court is located on the first floor of what is known as the Criminal Court Building. The outer door to said building is a double door. Immediately outside the court room is a large lobby about seventy-five feet long and twenty or thirty feet wide. This lobby is used by the public at all times and by jurors, prospective jurors, witnesses and all parties attending the Criminal District Court and those interested in litigation there. The door from the court room opens into this lobby. Between the court room door and the outer door to the Criminal Court Building is a cigar stand. The deputy sheriff was directed by the presiding judge to go to the court house door and call the defendant's name three times. He went to the cigar stand and within four steps (12 feet) of the outer door of the court house and raising his voice called Caldwell by name three times. Appellants contend that calling Caldwell's name as was done was not a compliance with the statutory requirement that appellant's name be called "at the court house door." In support of his proposition appellants cite Odiorne v. State, 37 Texas 122. This case was decided in 1872 at which time the law required that in forfeiting bail the name of a defendant *and his sureties* should be called at the

court house door. The sureties were *not* called. The case decides only that such omission was not a compliance with the statute then operative. Appellants cite next Sinclair v. Stanley, 64 Texas 67. It involved title to land which had been sold at United States Marshall's sale before the door of the Federal Court House in Galveston, whereas the law required the sale to be made before the court house door of the county in which the land was situated. The sale was held void. Appellants also cite Boone & Scarbrough v. Miller, 86 Texas 74, 23 S. W. 574. This case also involved the validity of a trustee's sale required by the terms of the deed of trust to be made "at the court house door of Mitchell County" and called for construction of then Art. 2310, now Art. 3809, R. C. S. Real property taken under execution was required to be sold at the court house door. The articles mentioned defined "court house door" to be "either of the principal entrances to the house provided by the proper authority for the holding of the district court," etc. The sale was made at the door of a house used for holding the county court and the commissioners' court. The opera house had been designated as the place for holding district court, which was some three hundred yards from the place of sale. The sale was held void for not having been made at the place designated. It will be seen that none of the cases mentioned reach the point here involved. On the other hand, in construing what is meant by "posting notice *at the court house door*" we think our own Supreme Court has directly answered appellants' contention in Howard v. Fulton, 79 Tex. 231, 14 S. W. 1061. The notices involved in that case were posted on the bulletin board in the corridor of the court house some forty feet from the front door of the building, said board having been provided by the county for use in posting notices of public sales. We quote from the opinion as follows:

"This brings us to the second question: Was the notice of the sale posted at the place designated by the instrument? The sale was to be 'at the court-house door,' and the notice was to be posted 'at the place of sale.' 'At the court-house door' is one of the places designated by our statutes for posting advertisements of sheriffs' and administrators' sales of real estate, and perhaps of some other notices. We do not think that the Legislature meant, nor do we think the parties to the mortgage under consideration intended, that the notice should be posted on or in the door. Such is not necessarily the literal construction of the words. Webster, defining the word 'at,' says, " Primarily this word expresses the relation of presence, nearness in time or place or direction towards. * * * It is less definite than 'in' or 'on'; 'at' the house may be 'in' or 'near'

the house.' See Webst. Dict. Reasons readily suggest themselves why the doors of a costly public building should be neither defaced by posting notices upon them nor incumbered by bulletin boards; and none is seen why a notice posted near the door, and in immediate view of it, does not fully meet the purposes of the law in regard to legal notices, and of parties to a mortgage with a power of sale who have stipulated for a like advertisement. In providing for the posting at the court house door in the deed of trust under consideration, the parties doubtless intended that the notice should be stuck up at the place for posting legal notices in the City of Austin, such being the place where a poster would most likely be seen by persons desirous of purchasing land at public sale."

In line with the holding in the case last cited is Blair, et al v. Lefler (Ct. of App. of Ky.) 276 S. W. 847, in which it is said that to comply with a statute requiring notice to be posted "at the court house door" said "notice must be posted on the door, or on the wall, or on a bulletin board, or a part of some other object *within a reasonable distance* of the door." See also 4th Series, Words & Phrases, pages 252 and 253.

The place from which appellant's name was called when the forfeiture was taken on his bond was within such reasonable distance of the court house door as under the circumstances to be in substantial compliance with the law requiring that his name be called at the door.

We think there is no merit in appellants' objection to the scire facias because it described the offense with which Caldwell was charged as "burglary and repetition of offenses." It is apparent from the indictment that Caldwell was charged therein with the offense of burglary and that the further allegation as to prior convictions was to lay a predicate for increased punishment.

The judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—After carefully re-examining the record in the light of appellants' motion for rehearing, we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.