PHILLIP M. DEEM et al v. STATE

No. 43,783. January 18, 1961

Motion for Rehearing Overruled February 15, 1961

*C. C. Divine,* Houston 2, for appellant.

*Dan Walton,* District Attorney, *Walter A. Carr,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

This is an appeal by I. B. Shapiro and W. E. Martin, sureties on a recognizance on appeal of Phillip M. Deem, from the final judgment of Criminal District Court No. 2 of Harris County upon a forfeiture of said recognizance.

Judgment nisi was entered on February 23, 1959, when Phillip M. Deem failed to appear in said court when he was called to abide the judgment of the Court of Criminal Appeals of Texas as conditioned in said recognizance.

The appellant I. B. Shapiro filed a verified answer and denial in this cause on October 24, 1959. He also filed another sworn answer and denial May 13, 1960.

Appellant Martin, by written motion sought to quash the citation issued and served on him. There is no showing that such motion was ever presented to or acted upon by the trial court.

The final judgment entered June 17, 1960, reads in part as follows:

"This day came on for trial the above entitled and numbered cause, wherein the State of Texas is plantiff and Phillip M. Deem, I. B. Shapiro, and W. E. Martin are defendants, whereupon came the State of Texas by her District Attorney, and came said defendants Martin and Shapiro in person and by attorney, Phillip M. Deem appearing not, whereupon all parties announced ready for trial; and it appearing to the court after consideration of the pleadings and the evidence herein, that * * * the judgment nisi heretofore rendered against the * * * said I. B. Shapiro and W. E. Martin as sureties on the recognizance of the said Phillip M. Deem should be made final."

Any claims of error for want of proper service became a nullity when the surities appeared in person and by counsel in open court upon the call of this cause and announced ready for trial. Steen et al v. State, 27 Texas 86; 6 Tex. Jur. 2d 5, Sec. 3; Industrial Finance Service Co. v. Riley et ux, 295 S.W. 2d 498, 507.

The indictment, the recognizance, the judgment nisi and the mandate of the Texas Court of Criminal Appeals affirming the judgment of the trial court were introduced in evidence and they appear to be regular and valid.

No proof was offered showing that the principal had good cause for not appearing and attending the court as he had bound himself to do in the recognizance. Neither did the sureties bring themselves within any of the statutory provisions which would exonerate them or under which a forfeiture could be remitted.

It is insisted that the judgment nisi is invalid because the name of principal was not called distinctly at the court house door before the forfeiture of the recognizance.

Deputy District Clerk Keegan testified that the name of the principal was called distinctly three times outside the court room door, but that he did not know if it was called at the main door of the court house.

The judgment nisi recites that the name of the principal was called distinctly at the door of the court house.

It is concluded that there was a substantial compliance with the requirement that the name of the principal be called distinctly at the court house door. Caldwell et al. v. State, 136 Tex. Cr. R. 524, 126 S.W. 2d 654.

The judgment is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING

MORRISON, Judge

Complaint is again made as to the service on appellant Martin. He is in no position to complain because he had already been served in this cause on May 5, 1959, long prior to the issuance of the alias scire facias.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.