

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0008-22

**MAXIE D. GREEN D/B/A A TO Z BAIL BONDS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SECOND COURT OF APPEALS
## WICHITA COUNTY

SLAUGHTER, J., delivered the opinion of the Court in which HERVEY, RICHARDSON, NEWELL, KEEL, and MCCLURE, J.J., joined. YEARY, J., filed a dissenting opinion. KELLER, P.J., dissented. WALKER, J., did not participate.

## O P I N I O N

This case involves the question of whether, for purposes of summary judgment in a bond forfeiture case, providing conclusive proof that the name of the defendant on bond was distinctly called at the door of the court*room* establishes the element that "[t]he name of the defendant shall be called distinctly at the courthouse door[.]" TEX. CODE CRIM.

PROC. ART. 22.02. We hold that it does. This holding is founded on well-established precedent from this Court and the courts of appeals recognizing that calling the defendant's name at the court*room* door constitutes substantial compliance with the requirements of Code of Criminal Procedure Article 22.02.[1] We therefore reverse the judgment of the court of appeals and remand this case to that court for further proceedings.

## I. Background

In 2017, after Maria Delcarman Sosa-Esparza was indicted for a felony offense, she entered into a bail bond agreement with Appellant Maxie D. Green, doing business as A to Z Bail Bonds. Appellant paid a $25,000 bond so that Sosa-Esparza could be released from the Wichita County Jail. A condition of the trial court in setting a bond amount was an assurance that Sosa-Esparza would appear for all of her court settings. But, on March 1, 2019, Sosa-Esparza failed to appear for her pretrial conference.

The trial court then signed a judgment *nisi* that provisionally forfeited the $25,000 bond. The judgment *nisi* stated that Sosa-Esparza's name was "distinctly called at the courtroom door. The Defendant was given reasonable time to appear after her name was called, but she did not appear." The judgment *nisi* also provided that the judgment would be made final unless good cause could be shown for why Sosa-Esparza failed to appear. Appellant filed an answer denying the allegations contained in the judgment *nisi*.[2]

---

[1] *See, e.g., Deem v. State,* 342 S.W.2d 758 (Tex. Crim. App. 1961) (concluding that "substantial compliance" is adequate to satisfy Article 22.02's predecessor, Article 425, and upholding bond-forfeiture judgment for the State where evidence was conflicting as to whether defendant's name was called at the courtroom or courthouse door).

[2] Sosa-Esparza did not respond, and the trial court entered a default judgment against her. She is not a party to the present appeal.

The State moved for traditional summary judgment to finalize the bond forfeiture. To prove that Sosa-Esparza's name was called in compliance with Article 22.02, the State attached three pieces of evidence: (1) a certified copy of the judgment *nisi*; (2) a certification of call, stating that the defendant's name was called "three times loudly and distinctly in compliance with Texas Code of Criminal Procedure Article 22.02;"[3] and (3) two unanswered requests for admission—Request No. 8 and Request No. 9—which asked Appellant to admit or deny that the defendant's name "was distinctly called outside the Wichita County courtroom door for a scheduled hearing on the hearing date" and that she "was given reasonable time and did not appear in Court for a scheduled hearing on the hearing date."

Appellant responded to the State's motion for summary judgment. He argued that the State's evidence raised a genuine issue of material fact on an essential element of its case, namely, whether Sosa-Esparza's name was called at the courthouse door in compliance with Article 22.02. On January 4, 2021, the trial court granted the State's motion for summary judgment, and it awarded the State $27,466.18 for the forfeited bond, accrued interest, and other court costs and fees.

## II. On Appeal

---

[3] The certification of call was signed by the court's administrator and stated in full:

> On March 1, 2019, pursuant to the ORDER of the Court, I called the name of the defendant Maria Sosa, in this case three times loudly and distinctly in compliance with Texas Code of Criminal Procedure Article 22.02. A reasonable time was given after the calls were made for the defendant to appear, but the defendant did not answer or appear and wholly made default.

Appellant appealed the trial court's order granting summary judgment for the State. He argued, among other things, that because the judgment *nisi* stated that the defendant's name was called at the court*room* door, the State's evidence failed to conclusively establish that there was no genuine issue of material fact regarding whether her name was properly called at the court*house* door.[4] The court of appeals agreed and reversed the trial court's grant of summary judgment. *Green v. State*, No. 02-21-00013-CV, 2021 WL 5747148, at *1 (Tex. App.—Fort Worth Dec. 2, 2021) (mem. op., not designated for publication).

In reaching this decision, the court of appeals first determined that the certification of call was incompetent summary judgment evidence because it was conclusory. *Id.* at *3 (reasoning that, while the certification of call "provides some factual basis to support *how* [the defendant's] name was called ('three times, loudly and distinctly'), it fails to provide any factual basis for *where* [her] name was called"). Specifically, by merely providing that the call was made "in compliance with" Article 22.02, the certification of call stated a mere legal conclusion and thus was "incompetent evidence to support summary judgment on the fact issue of whether [the defendant's] name was called at the courthouse door." *Id.*

Therefore, the court of appeals proceeded to consider, based solely on the judgment *nisi* and the deemed admissions, "whether the State established conclusively that Sosa's name was called at the courthouse door." *Id.* In finding that such a showing had not been

---

[4] Appellant additionally argued that there were genuine issues of material fact on two other elements: (1) whether Appellant received proper notice of the pretrial hearing, and (2) whether the defendant was properly identified. Because the court of appeals was persuaded by Appellant's argument regarding the calling of Sosa-Esparza's name at the courthouse door, it did not address the remaining points of error. *Green*, 2021 WL 5747148, at *1. We similarly do not address Appellant's other arguments in this opinion.

made, the court reasoned that "[b]oth the judgment nisi and the deemed admissions provide only that Sosa's name was called at the court*room* door." *Id.* The court of appeals acknowledged that courts have "repeatedly held that calling a defendant's name at the courtroom door substantially complies with the directive to call the name at the courthouse door[.]" *Id.* at *4 (citing *Deem v. State*, 342 S.W.2d 758, 758–59 (Tex. Crim. App. 1961); *Caldwell v. State*, 126 S.W.2d 654, 654 (Tex. Crim. App. 1939); *Aspilla v. State*, 952 S.W.2d 610, 611–12 (Tex. App.—Houston [14th Dist.] 1997, no pet.)). But it observed that "these cases were almost exclusively decided at trial on the merits rather than at the summary judgment stage." *Id.* The court then reasoned that "the distinction between proof at trial and proof at the summary judgment stage is important" here because "the presumptions and burdens of proof at trial are 'immaterial to the burden that a movant for summary judgment must bear.'" *Id.* (quoting *Mo.-Kan.-Tex. R.R. v. City of Dallas*, 623 S.W.2d 296, 298 (Tex. 1981)). Specifically, the court observed that a summary judgment movant "'may not use a presumption to shift to the non[ ] movant the burden of raising a fact issue of rebuttal.'" *Id.* (quoting *Chavez v. Kan. City S. Ry.*, 520 S.W.3d 898, 900 (Tex. 2017)). Given this fact, the court determined that upholding the grant of summary judgment here would improperly afford the State a "presumption of substantial compliance regardless of any genuine issues of material fact that arise on the face of its own evidence." *Id.* at *5. Thus, because the summary judgment evidence "wholly fail[ed] to address whether Sosa's name was called at the courthouse door, and because [the court of appeals was] precluded from inferring facts in the State's favor, the summary judgment evidence creates doubt about where Sosa's name was called." *Id.* at *4. Accordingly, the court of

appeals reversed the trial court's ruling granting summary judgment and remanded the case for further proceedings. *Id.* at *5..[5]

We granted the State's petition for discretionary review to determine whether the court of appeals erred by holding that the State may not rely on evidence of substantial compliance with Article 22.02, based on the calling of the defendant's name at the courtroom door, for purposes of showing entitlement to summary judgment in bond-forfeiture proceedings.

## III.    Analysis

As the court of appeals recognized, courts have repeatedly held that calling the defendant's name at the court*room* door constitutes substantial compliance with Article 22.02's requirement of distinctly calling the defendant's name at the "courthouse door." *See* TEX. CODE CRIM. PROC. ART. 22.02. But the court of appeals effectively concluded that such a rule of substantial compliance cannot apply at the summary-judgment stage because doing so would improperly afford the State a "presumption" of facts in its favor. We disagree. Contrary to the court of appeals' reasoning, a showing of substantial compliance with the requirements of Article 22.02 based on the calling of the defendant's name at the courtroom door is based on actual facts, not any presumption of facts.

---

[5] Justice Walker filed a concurring opinion elaborating further on the majority's reasoning. *Green*, 2021 WL 5747148, at *5–6 (Walker, J., concurring) ("The State did not establish this element [that the defendant's name was called at the courthouse door] as a matter of law, and any inquiry into substantial compliance would prematurely shift the summary-judgment burden away from the State[.]").

Therefore, the rule of substantial compliance is applicable at the summary-judgment stage, and the court of appeals erred in holding otherwise.

### A. Bond Forfeiture Under Article 22.02 and "Substantial Compliance"

The relevant provisions in Article 22.02 governing bond forfeiture provide as follows:

> Bail bonds and personal bonds are forfeited in the following manner: The name of the defendant shall be called distinctly *at the courthouse door*, and if the defendant does not appear within a reasonable time after such call is made, judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties, if any, the amount of money in which they are respectively bound, which judgment shall state that the same will be made final, unless good cause be shown why the defendant did not appear.

TEX. CODE CRIM. PROC. ART. 22.02 (emphasis added).

When moving for summary judgment on a bond forfeiture, the State must conclusively prove: "(1) a valid bond; (2) that the defendant's name was distinctly called at the courthouse door; and (3) the defendant failed to appear within a reasonable time of that call." *Alvarez v. State*, 861 S.W.2d 878, 888 (Tex. Crim. App. 1993) (op. on reh'g). The burden then shifts to the respondent to show good cause as to why the defendant did not appear. *Id.* Only the second element is at issue in this case, and we limit our analysis accordingly.

As we have already noted, this Court's decades-old precedent holds that calling the name of the defendant at the courtroom door substantially complies with the requirements of Article 22.02. For example, in the 1961 case of *Deem v. State*, after the trial court entered final judgment for the State in a bond forfeiture proceeding, the sureties appealed on the

basis that the evidence failed to show the defendant's name was called distinctly at the courthouse door before the forfeiture. 342 S.W.2d at 759. In resolving this issue, this Court observed that the deputy clerk of the court "testified that the name of the principal was called distinctly three times outside the court room door, but that he did not know if it was called at the main door of the court house." *Id.* The judgment *nisi* reflected, in potential conflict with this testimony, that the defendant's name was called at the courthouse door. *Id.* Nevertheless, the Court did not find this potential conflict problematic, instead concluding that these facts demonstrated "there *was a substantial compliance with the requirement* that the name of the principal be called distinctly at the court house door[.]" *Id.* (emphasis added) (citing *Caldwell*, 126 S.W.2d at 654). Accordingly, it upheld the judgment of forfeiture. *Id.*

This Court reaffirmed its endorsement of substantial compliance in this context several years later in *Bennett v. State*, 394 S.W.2d 804, 807 (Tex. Crim. App. 1965). There, again following entry of final judgment against the sureties in a bond forfeiture proceeding, this Court upheld the trial court's judgment over the sureties' complaint that "the record show[ed] that the defendant's name was not called at the courthouse door[.]" *Id.* As was the case in *Deem*, the judgment *nisi* recited that the defendant's name was "distinctly called at the door of the courthouse and that he did not appear." *Id.* The Court observed that, "[w]hile there is testimony in the record that the trial judge directed the bailiff to go outside in the hallway of the courtroom on the fourth floor of the courthouse and call the defendant's name, there is no showing that the bailiff did not go to the main door of the courthouse on the first floor and call his name." *Id.* But the Court ultimately concluded that

any such uncertainty or lack of clarity in the record was immaterial, stating, "Be that as it may, under the recent decision of this court in *Deem*, the record shows a substantial compliance with the requirement . . . that the name of the principal be called, distinctly, at the courthouse door." *Id.* (citation omitted). Accordingly, this Court upheld the trial court's judgment on the forfeiture based on facts showing that the defendant's name had been called outside the courtroom door under a theory of substantial compliance. *Id.*

In our subsequent decision in *Tocher v. State,* this Court cited *Bennett* for the proposition that the "calling of the principal's name outside in the hallway on the fourth floor of the courthouse is in substantial compliance with the requirement in Art. 22.02 [ ] that the name be 'called distinctly at the courthouse door.'" 517 S.W.2d 299, 300 (Tex. Crim. App. 1975). Though the Court in *Tocher* ultimately concluded that substantial compliance was "not an issue" in that case because the defendant's name was not called *at all*, this Court nevertheless reaffirmed the validity and meaning of *Bennett*. *Id.*[6] We also

---

[6] The dissenting opinion contends that we have misread our precedent and that the cases in question do not actually mean that calling the defendant's name at the courtroom door will *always* constitute substantial compliance under Article 22.02. *See* Dissenting Op., at 5–8. We disagree with the dissent's competing interpretation of the caselaw. Contrary to the dissent's suggestion, the aforementioned cases do not condition a finding of substantial compliance on the "specific facts" showing that the courtroom door was in close enough proximity to the courthouse door so as to constitute the "functional equivalent" of calling the defendant's name at the courthouse door. *Id.* at 5. Indeed, in *Deem* there was no such mention of any proximity or "functional equivalence" considerations. *See Deem*, 342 S.W.2d at 759. And in *Bennett*, the Court expressly noted that the courtroom door was on the fourth floor of the courthouse, which by definition would seem to preclude a finding that it was in close proximity to the exterior courthouse door. *Bennett*, 394 S.W.2d at 807. It is true, as the dissent notes, that in this Court's earlier 1939 decision in *Caldwell*, the Court looked to the particular facts in determining whether substantial compliance was shown. *See* 126 S.W.2d at 655–56. But in our subsequent decisions in *Deem* and *Bennett*, we did not follow that approach. Therefore, this aspect of *Caldwell* was abrogated by our later decisions in *Deem* and *Bennett*.

observe that, in reliance on the foregoing cases, numerous courts of appeals have held that calling the defendant's name at the courtroom door constitutes substantial compliance with Article 22.02.[7]

To be clear, the scope of our review in this case does not require us to fully revisit our prior holdings with respect to the appropriateness of permitting a showing of substantial compliance under Article 22.02. Indeed, we agree with the State that the aforementioned holdings are well-settled, and we will not disturb them here.[8] Moreover, we do not

---

Further, while it is true, as the dissent notes, that *Deem* and *Bennett* are distinguishable from this case because the judgment *nisi* in those cases stated that the defendants' names were called at the courthouse door, that distinction is not material here. As in this case, the actual evidence presented in *Deem* and *Bennett* indicated that the defendants' names were called outside the courtroom door, and those facts were the basis for this Court finding "substantial compliance" in each case. We observe that, had the holdings in *Deem* and *Bennett* been based on a *prima facie* showing of compliance with Article 22.02 pursuant to the judgment *nisi*, it would have been unnecessary for this Court to rely on the concept of *substantial* compliance because the judgment *nisi* reflecting that the defendant's name was called at the courthouse door would have afforded a presumption of *actual* compliance with Article 22.02. For these reasons, we disagree with the dissent's critique of our reading of the caselaw.

[7] *See Lara v. State*, No. 11-18-00286-CR, 2020 WL 6373241, at *3 (Tex. App.—Eastland Oct. 30, 2020, pet. ref'd) (mem. op., not designated for publication) (noting that calling defendant's name in the hallway outside the courtroom substantially complied with the requirements of Article 22.02); *Guiles v. State*, No. 02-09-00146-CV, 2010 WL 851421, at *3 (Tex. App.—Fort Worth Mar. 11, 2010, no pet.) (mem. op., not designated for publication) (same); *Quintero v. State*, No. 14-96-00587-CR, 1998 WL 104960, at *2 (Tex. App.—Houston [14th Dist.] Mar. 12, 1998, pet. dism'd w.o.j.) (not designated for publication) (same); *Aspilla v. State*, 952 S.W.2d 610, 612–613 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (same); *Burns v. State*, 814 S.W.2d 768, 772 (Tex. App.—Houston [14th Dist.] 1991) (same; "where the State puts on evidence of substantial compliance by showing that the principal's name was called in the hallway outside the courtroom door, proof that the principal's name was not called at the courthouse door does not defeat the State's showing of substantial compliance. To hold otherwise, would render the term 'substantial compliance' meaningless.") *rev'd sub nom. on other grounds*, *Alvarez v. State*, 861 S.W.2d 878 (Tex. Crim. App. 1992).

[8] To the extent that the dissent generally calls into question the legitimacy of applying substantial compliance in this context, we simply note that the concept of substantial compliance is "'ubiquitous . . . throughout Texas law'" and has been frequently recognized as satisfying various civil statutory requirements, with the exception of deadlines. *Sorrell v. Estate of Carlton*, 593

understand the court of appeals' opinion to have rejected the applicability of substantial compliance generally, only to hold that a showing of substantial compliance in the form of calling the defendant's name at the courtroom door could not satisfy the State's burden at the summary-judgment stage. *See Green*, 2021 WL 5747148, at *4 (accepting that courts have "repeatedly held that calling a defendant's name at the courtroom door substantially complies with the directive to call the name at the courthouse door," but declining to apply that principle on summary judgment). Recognizing that the cases discussed above were all the result of trials and thus did not directly address whether the aforementioned rule of substantial compliance under Article 22.02 could properly be applied on summary judgment, we now turn to consider that issue.

### B. Summary-judgment posture does not preclude applicability of substantial compliance.

Although criminal in nature, bond-forfeiture proceedings are governed by the Texas Rules of Civil Procedure. *See* TEX. CODE CRIM. PROC. ARTS. 22.10, 44.44. Pursuant to the civil rules, in a motion for summary judgment, the moving party has the burden to establish that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When evaluating the evidence presented on a

---

S.W.3d 167, 173 (Tex. 2019) (quoting *BankDirect Capital Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 81 (Tex. 2017)). We recognize that there is some inherent tension between this principle and our approach to construing penal statutes, where we generally adhere to the statute's plain language and do not deviate from it absent some compelling reason for doing so. *See, e.g.*, *Baird v. State*, 398 S.W.3d 220, 228 (Tex. Crim. App. 2013) (if statutory language is plain on its face, we are "ordinarily constrained to adhere to the plain import of that statutory language, regarding it as the definitive indicium of the legislative intent"). But, because the issue here does not involve a penal statute that would demand a strict construction and instead involves a quasi-civil bond-forfeiture statute, we adhere to civil principles that support a rule of substantial compliance in this context.

motion for summary judgment, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). If, under this standard, the movant meets his burden, "the burden then shifts to the non-movant to disprove or raise an issue of fact as to at least one of" the elements. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). However, if the movant does not meet this burden, "the burden does not shift and the non-movant need not respond or present any evidence." *Id.* On appeal, a trial court's ruling on summary judgment is reviewed *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

Here, contrary to the court of appeals' reasoning, nothing about applying the aforementioned rule of substantial compliance under Article 22.02 at the summary-judgment stage conflicts with these general summary-judgment principles. Importantly, the court of appeals believed that applying a rule of substantial compliance in this context would amount to an improper "presumption" of facts in the State's favor. *See Green*, 2021 WL 5747148, at *4–5. In support, it cited the Texas Supreme Court's decision in *Chavez* for the proposition that a summary judgment movant "'may not use a presumption to shift to the non[ ] movant the burden of raising a fact issue of rebuttal.'" *Id.* at *4 (quoting *Chavez*, 520 S.W.3d at 900). But *Chavez* simply stands for the proposition that a presumption cannot establish a fact in a summary-judgment proceeding in the same manner that it would at trial; on summary judgment, *evidence* is required to satisfy the movant's

burden of proof. *See Chavez*, 520 S.W.3d at 900–01.[9] *Chavez* is inapplicable here because the rule of substantial compliance with Article 22.02 is not a factual presumption at all. Instead, the facts and evidence before the court are evaluated to determine whether they actually establish substantial compliance with Article 22.02's requirements by showing that the defendant's name was called outside the courtroom door. No facts establishing substantial compliance are "presumed" in the State's favor. In short, the court of appeals erred here by conflating the concepts of presumptions and substantial compliance.[10] We conclude that the latter may be appropriately applied on summary judgment where the actual facts before the court conclusively establish substantial compliance with Article 22.02's requirements.[11]

---

[9] Specifically, *Chavez* dealt with whether the presumption that an attorney retained for litigation has the express authority to enter into a settlement agreement may be relied on in summary-judgment proceedings when the underlying dispute concerned the attorney's ability to bind the client to the agreement. *Chavez*, 520 S.W.3d at 900–01. The Court ultimately held that, even assuming such a presumption would be proper, it could not apply at the summary-judgment stage because at that stage *actual evidence* was required to satisfy the moving party's burden of proof. *Id.* at 901 (concluding that summary judgment was improper because the moving party "was required to provide evidence that Chavez actually authorized her counsel to enter into a settlement agreement on her behalf" and could not rely on presumption to establish that fact).

[10] *Compare Beck v. Sheppard*, 566 S.W.2d 569, 571 (Tex. 1978) (defining presumption as "a rule which draws a particular inference as to the existence of one fact, not actually known, arising from its usual connection with other particular facts which are known or proved"), *with Endeavor Energy Res., LP v. Trudy Jane Anderson Testamentary Trust*, 644 S.W.3d 212, 220 (Tex. App.—Eastland 2022, pet. denied) (substantial compliance generally "means that one has performed the essential requirements of a statute, and it excuses deviations which do not seriously hinder the legislature's purpose in imposing such requirements") (citations and internal quotation marks omitted).

[11] Indeed, we are aware of numerous decisions from the intermediate appellate courts upholding grants of summary judgment when the facts conclusively demonstrated substantial compliance with the pertinent statute. *See, e.g.*, *United Fire & Cas. Co. v. Boring & Tunneling Co. of Am.*, 321 S.W.3d 24, 29 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (affirming grant of summary judgment upon showing that party substantially complied with the notice requirements of Government Code Section 2253.041; although statute plainly required that notice "must be

**C.**     **The calling of the defendant's name at the courtroom door substantially complied with the requirements of Article 22.02, and there remained no genuine issue of material fact on that element.**

Applying this holding here, the judgment *nisi* stated that the defendant's name was "distinctly called at the courtroom door." The certification of call, signed by the court administrator, further stated that the defendant's name was called "three times loudly and distinctly in compliance with [article] 22.02." And, pursuant to the deemed admissions, Appellant admitted that the defendant's name "was distinctly called outside the Wichita County courtroom door for a scheduled hearing on the hearing date" and that she "was given reasonable time and did not appear in Court for a scheduled hearing on the hearing date." As a matter of law, such evidence conclusively establishes substantial compliance with the requirements of Code of Criminal Procedure Article 22.02. *See, e.g.*, *Bennett*, 394 S.W.2d at 807. Upon such a showing, the burden then shifted to Appellant to disprove or raise an issue of fact with respect to the calling of the defendant's name. *Amedisys, Inc.*,

---

accompanied by a sworn statement of account" and the notice here did not include any notary seal or signature, the sworn statement nevertheless "met the essential requirements of the statute" and thus substantially complied with statutory requirements); *Capitol Indem. Corp. v. Kirby Rest. Equip. & Chem. Supply Co.*, 170 S.W.3d 144, 147–48 (Tex. App.—San Antonio 2005, pet. denied) (same; "The statute establishing the procedure for presenting a claim against a payment bond on a public contract is remedial in nature and should therefore be construed liberally to accomplish its purposes."); *McBeath v. Estrada Oaks Apartments*, 135 S.W.3d 694, 696–97 (Tex. App.—Dallas 2003, no pet.) (granting summary judgment based on showing of substantial compliance with Property Code Section 92.202; "Because McBeath's letters serve as substantial compliance for conditions precedent to recovery under section 92.202(a)(2), we [ ] conclude McBeath established, as a matter of law, she was entitled to summary judgment."); *Richardson v. Mid-Cities Drywall, Inc.*, 968 S.W.2d 512, 514–15 (Tex. App.—Texarkana 1998, no pet.) (observing that Property Code Section 53.054, governing mechanic's, contractor's, or materialman's liens, should be "liberally construed for the purpose of protecting laborers and materialmen," and upholding grant of summary judgment based on showing that affidavit supporting lien substantially complied with Property Code Section 53.054).

437 S.W.3d at 511. Appellant presented no new evidence or argument other than his assertion that the defendant's name was not called at the courthouse door, and thus there is no genuine issue of material fact regarding this element. Therefore, the court of appeals erred by reversing the trial court's grant of summary judgment on this basis.

## IV. Conclusion

Evidence that a defendant's name was called at the courtroom door constitutes substantial compliance with the requirements of Code of Criminal Procedure Article 22.02 for purposes of a bond-forfeiture proceeding. Such is the case regardless of whether the case is resolved at the summary-judgment stage or proceeds to a trial. The court of appeals erred by holding otherwise. We therefore reverse the judgment of the court of appeals and remand the case for consideration of Appellant's remaining arguments on appeal.

Delivered: June 28, 2023

Publish