

# In the Court of Criminal Appeals of Texas

No. PD-0008-22

MAXIE D. GREEN D/B/A A TO Z BAIL BONDS,
*Appellant*

v.

THE STATE OF TEXAS

On State's Petition for Discretionary Review
From the Second Court of Appeals
Wichita County

YEARY, J., filed a dissenting opinion.

The Court decides that "conclusive proof" that the defendant's name was distinctly called at the door of the court*room* door establishes "conclusively" the statutory element that his name "shall be called

distinctly at the court*house* door[.]" Majority Opinion at 1 & 15; TEX. CODE CRIM. PROC. art. 22.02 (emphasis added).[1] This is true, the Court decides, not only as a matter of proof at the trial of a bond forfeiture case, but even for purposes of a summary judgment proceeding. But the Court's premise is flawed. The cases upon which it relies do not even stand for the proposition that evidence that the name was called at the court*room* door will *categorically* prove (even as a matter of "substantial compliance") that it was called at the court*house* door for purposes of *trial*, much less for purposes of a summary judgment proceeding. I respectfully dissent.

Typically, the judgment nisi will serve to establish at least a prima facie case in a bond forfeiture proceeding, including evidence of the necessary element that the defendant's name was "called distinctly at the courthouse door[.]" *Tocher v. State*, 517 S.W.2d 299, 300–01 (Tex. Crim. App. 1975). It is then up to the defendant or surety to rebut that prima facie case with evidence that the defendant's name was *not*, in

---

[1] Substantively unchanged since its appearance as Article 408 of the 1856 "Old Code," present Article 22.02 reads:

> Bail bonds and personal bonds are forfeited in the following manner: *The name of the defendant shall be called distinctly at the courthouse door*, and if the defendant does not appear within a reasonable time after such call is made, judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties, if any, the amount of money in which they are respectively bound, which judgment shall state that the same will be made final, unless good cause be shown why the defendant did not appear.

TEX. CODE CRIM. PROC. art. 22.02 (emphasis added).

fact, called at the courthouse door. *Id.* at 301. If he cannot, then the trial court does not err to grant a State's motion for summary judgment.

But that assumes that a judgment nisi actually recites that the defendant's name was called at the court*house* door, as in *Tocher* itself. *Id.* at 300; *see Swaim v. State*, 498 S.W.2d 188, 191 (Tex. Crim. App. 1973) (uncontested judgment nisi recital that the defendant's name was called at the "courthouse door" served as conclusive proof). Here, the judgment nisi does not. Instead, it recites that the defendant's name was called out at the court*room* door. And that is functionally the only evidence the State had to offer relating to this element of its bond forfeiture case—or, at least, it was all that the State did offer for purposes of its motion for summary judgment.[2]

In my view, such a recitation in a judgment nisi may only serve to shift the burden of proof to the defendant with respect to the statutory element requiring proof of calling a name at the "courthouse" door if the words "courtroom" and "courthouse" are synonymous, or if evidence of "courtroom" will always, without more, prove "courthouse." The Court today does *not* declare the two terms to be synonymous—presumably because, manifestly, they are not.[3] But it does effectively declare that

---

[2] The two unanswered requests for admissions, to the extent they prove anything at all, also refer to whether Appellant's name was called at the "courtroom door," not the courthouse door. Majority Opinion at 3.

[3] Given the statute's long lineage, *see* note 1, *ante*, it might be thought that for this Court to construe the word "courthouse" in Article 22.02 to *mean* court*room* door would make it more functional in the modern age of multistory courthouses. After all, it seems even to me that a defendant is more likely to be found waiting in the common area outside the court*room* door than in the common area (if any) outside the main door of a large modern court*house*. But that is not a choice for this Court to make, consistent with separation of powers,

calling a defendant's name at the court*room* door will always suffice to prove his name has been called at the court*house* door—categorically—as a matter of "substantial compliance."[4] And from this premise the

---

TEX. CONST. art. II, § 1, and I am gratified that the Court today does not take such an approach to construing the statute.

[4] I am somewhat troubled by the ease with which some courts—in this case and in others—decide that "substantial compliance" with a statutory mandate is all that is necessary to show what a legislative enactment manifestly requires. When the Legislature permits "substantial compliance" with a procedural mandate to be sufficient, it knows how to say so. *E.g.*, TEX. CODE CRIM. PROC. art. 26.13(c) ("In admonishing the defendant [during a guilty plea proceeding], *substantial compliance* by the court is sufficient[.]") (emphasis added). It has not explicitly said so in Article 22.02. The Court also points to "numerous decisions from the intermediate appellate courts upholding grants of summary judgment when the facts conclusively demonstrated substantial compliance with the pertinent statute." Majority Opinion at 11, n.9. But at least some of the intermediate court opinions pointed to by the Court address statutes that themselves appear to contain legislative authorization to apply at least the equivalent of a substantial compliance standard. *See, e.g.*, *United Fire & Cas. Co. v. Boring & Tunnelling Co. of Am.*, 321 S.W.3d 24 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (applying TEX. GOV'T CODE § 2253.041, which in part provides: "(c) The notice must be accompanied by a sworn statement of account that states *in substance*: . . .") (emphasis added); *Richardson v. Mid-Cities Drywall, Inc.*, 968 S.W.2d 512 (Tex. App.—Texarkana 1998, no pet.) (applying TEX. PROP. Code § 53.054, which in part provides: "(a) The affidavit must be signed by the person claiming the lien or by another person on the claimant's behalf and must contain *substantially*: . . .") (emphasis added). Again, the statute at issue here contains no such language. And all of this leads me to question whether a court may properly, consistent with the constitutional mandate of separated powers, declare "substantial compliance" with a law sufficient when the Legislature itself has not authorized it to do so.

I agree that there may be some ineluctable wiggle room within which courts must determine what it means to conduct a required procedure "at" the courthouse door. See note 5, *post*. Must the defendant's name be called out literally on the threshold of the courthouse door, or will two feet in front of or behind the threshold suffice? In any event, here, even assuming the applicability of the cases that the Court says permit substantial compliance, the State's summary judgment evidence was deficient, for the reasons

Court reasons that a judgment nisi that recites "courtroom door," if not refuted by the defendant, will always serve "conclusively" to prove "courthouse door," even for purposes of a summary judgment proceeding.

But still, the cases that the Court cites in support of its premise do not say what the Court suggests they do. Majority Opinion at 8−10. They do not hold that proof of calling the defendant at the "courtroom door" will categorically constitute at least substantial compliance with the State's burden to show calling the defendant at the "courthouse door." Instead, each of those cases looks to the specific facts presented to determine, circumstantially, whether what the State showed to have happened constituted the functional equivalent of calling the defendant's name "*at* the court*house* door[.]" TEX. CODE CRIM. PROC. art. 22.02 (emphasis added). The cases do not hold that proof of calling at the "courtroom door" will *always* serve as proof of calling "at the courthouse door," no matter the circumstances—even for purposes of a bond forfeiture trial, much less of a summary judgment proceeding.

In *Deem v. State*, 342 S.W.2d 758, 759 (Tex. Crim. App. 1961), the earliest case cited by the Court today, the judgment nisi recited that the defendant's name "was called distinctly at the door of the court house." The defendant's sureties argued that the judgment nisi was incorrect in this regard, and testimony was adduced from a deputy district clerk that the defendant's name "was called . . . *outside* the court room door, but that he did not know if it was also called at the main door of the court

---

developed in the text *post*. For the present, therefore, I will say no more about the propriety of a "substantial compliance" construction of Art. 22.02.

house." *Id*. (emphasis added). In rejecting the sureties' claim, the Court simply stated: "It is concluded that there was a substantial compliance with the requirement that the name of the principal be called distinctly at the court house door. *Caldwell et al. v. State*, 136 Tex.Cr.R. 524, 126 S.W.2d 654." *Id*. The opinion in *Deem* does not say exactly how *far* "outside the court room door" the defendant's name was called, but its reliance upon *Caldwell* suggests that this would have been a relevant consideration.

In *Caldwell*, the judgment nisi recited that the defendant's name was called "at the door of the court house[,]" but facts adduced at the trial to determine whether the judgment nisi should be made final made it clear that this recitation was not literally accurate. 136 Tex.Cr.R. 524, 525, 126 S.W.2d 654, 655 (1939). The facts in *Caldwell* did not show that the defendant's name was called at the door of the court*room* either. Instead, the deputy sheriff stood at a cigar stand in the large lobby ("seventy-five feet long and twenty or thirty feet wide") outside of the courtroom, but "within four steps (12 feet) of the outer door of the court house[,]" and called the defendant's name from there. *Id*. In determining whether this would satisfy the statutory mandate that the name be called "at the court house door[,]" the Court invoked an even earlier case from the Texas Supreme Court construing the word "at" in the context of the phrase "at the door of the court house[.]" *Id*. 136 Tex.Cr.R. at 526−27, 126 S.W.2d at 655−56 (quoting *Howard v. Fulton*, 79 Tex. 231, 236, 14 S.W. 1061, 1062 (1891)).[5] The *Caldwell* Court concluded: "The

[5] The question in *Howard* was whether a notice of trustee sale of land, which by the terms of the mortgage instrument was to be posted "at the court-house door," was properly situated when it was literally posted on a bulletin

place from which appellant's name was called when the forfeiture was taken on his bond was within such reasonable distance of the court house door as under the circumstances to be in substantial compliance with the law requiring that his name be called at the door." *Id*. 136 Tex.Cr.R. at 656, 126 S.W.2d at 527.[6]

In *Bennett v. State*, 394 S.W.2d 804, 807 (Tex. Crim. App. 1965), the judgment nisi recited, as in *Deem*, that the defendant's name was called at the court*house* door. Testimony at trial showed that the bailiff had been directed to call the name "outside in the hallway of the courtroom on the fourth floor of the courthouse[.]" *Id*. Because the judgment nisi recited that the defendant's name had in fact been called at the court*house* door, and no evidence showed that the bailiff did *not also* do *that*, the Court suggested that the defendant and sureties failed to rebut the State's prima facie case. *Id*. The Court then remarked: "Be that as it may, under the recent decision of this court in *Deem, et al., v. State*, the record shows substantial compliance with the requirement of

board in the courthouse some forty feet away, but "in open view from the door[.]" The Supreme Court determined that the word "at" was less precise in terms of designating spatial relationships than the words "in" or "on" would be, and opined that "[w]e do not think that the legislature meant, nor do we think the parties to the mortgage under consideration intended, that the notice should be posted on or in the door." 79 Tex. at 236, 14 S.W. at 1062.

[6] Who is to say whether the Court would have concluded in *Caldwell* that the place from which the name was called would have been within a "reasonable distance" of the courthouse door had the evidence been that the deputy sheriff stood at the court*room* door? That door could have been as much as seventy-five feet away from the court*house* door, and it is hard to imagine the Court would so readily have found *that* distance to be "reasonable . . . under the circumstances" so as "to be in substantial compliance with the law requiring that [the defendant's] name be called at the [courthouse] door."

Art. 425 [now Article 22.02], that the name of the principal be called, distinctly, at the courthouse door." *Id*. As in *Deem*, however, there was no evidence that the name was called precisely "at the court*room* door."

Neither *Deem* nor *Bennett* may be read fairly to stand for the proposition that calling the name merely from the court*room* door will invariably constitute "substantial compliance" with Article 22.02, since neither presents those facts, and both may have been resolved alternatively on the basis that the prima facie showing from the judgment nisi (reciting that the defendant's name was called from the "court*house* door") was, in any event, unrebutted.[7] The judgment nisi in this case simply recites that the defendant's name was called at the court*room* door. Not in the hallway *outside* the courtroom door, and certainly not within twelve feet (or some other "reasonable distance") of the court*house* door.

The Court reads its precedents for the proposition that a judgment nisi that recites the bare fact that the name was called at the court*room* door will always constitute prima facie proof, at least by substantial compliance, that the name was called at the court*house* door, and reasons from that premise that when that prima facie proof goes

---

[7] The Court also cites *Tocher* for its observation that *Bennett* stands for the proposition that the calling of the principal's name outside in the hallway of the fourth floor of the courthouse is in substantial compliance with the requirement in Art. 22.02, V.A.C.C.P., that the name be called distinctly at the courthouse door. Majority Opinion at 9. But substantial compliance was "not an issue" in *Tocher*, as the Court there expressly recognized. *Tocher*, 517 S.W.2d at 300. Instead, the Court upheld the forfeiture because the judgment nisi recited that the defendant's name had been called out literally at the court*house* door, and no evidence at the bond forfeiture hearing suggested otherwise.

unrebutted, then summary judgment is appropriate. But the cases do not support the premise that proof of "courtroom door," without more, will invariably constitute proof of "courthouse door."[8] It seems to me that a judgment nisi that recites no more than this bare fact fails to satisfy the State's burden of proof in the first place, and it does not trigger any duty of rebuttal from a defendant or his sureties in order to avoid summary judgment.

By no means do I attempt here to resolve whether the statute at issue in this case *was* complied with, substantially or otherwise. I only object to the Court's decision that this case was properly resolved by summary judgment. I am persuaded that the Court misreads our precedents. Moreover, whatever the Court may conclude about the wisdom of our precedents (those that the Court reads today to invariably allow calling a name at the court*room* door instead of the court*house* door), I consider it my duty to apply deference to the legislative determination to require calling that name at the court*house* door. To the degree that the Court assumes that calling a name at a court*room* door is the functional equivalent, always, of calling a name at a court*house* door, its decision fails to defer to our Legislature's own policy decisions, as reflected in our statutory law.

I respectfully dissent.

---

[8] I am not the only judge on this Court to have ever understood the cases in essentially this way. As former Judge Overstreet observed: "When the argument against the practice of calling the name at the courtroom door is raised, this Court's opinions have construed substantial compliance to mean either: (1) reasonable distance to the courthouse door, as opposed to the courtroom door; or (2) lack of evidence to show otherwise." *Alvarez v. State*, 861 S.W.2d 878, 885 (Tex. Crim. App. 1992) (Overstreet, J., concurring in part and dissenting in part).

**FILED:**                                        June 28, 2023
**PUBLISH**